(Decided 23d June, 1887.)

---

THE McCULLOUGH IRON COMPANY *vs.* WILLIAM C. CARPENTER.

*Contract of Hiring—Indefinite Hiring—Hiring at Will—Practice in the Court of Appeals—Presumption—Evidence.*

In this country, an indefinite hiring is *prima facie* a hiring at will; and a hiring at so much a week, month or year, no time being specified, is, in the absence of a mutual understanding to the contrary, only an indefinite hiring.

In an action against a corporation to recover damages for the wrongful discharge from its service, the plaintiff claimed to have been hired for a year from 1st of April, or 1st of May, 1886. The defendant asked the Court to instruct the jury that if they found that the hiring was for an indefinite length of time, and that no subsequent contract fixed a definite time, then they must find for the defendant. This instruction the Court refused, but instructed the jury that, " to enable the plaintiff to recover he must satisfy the jury that he entered upon said employment for a year, commencing on the 1st of April, or the first of May, 1886, upon the mutual understanding and agreement of himself and defendant that it should continue for a year." HELD :

That the refusal of the instruction furnished no ground for a reversal.

Where the contract of hiring is for a year, and the parties do not disagree, and the service continues, the presumption is that it is under the same contract; but such presumption may be rebutted by evidence of a change of contract.

APPEAL from the Circuit Court for Cecil County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, and BRYAN, J.

*L. Marshall Haines,* and *William J. Jones,* for the appellant.

*Albert Constable,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellant is an Iron Manufacturing corporation. It was sued by the appellee for wrongful discharge from its service. The declaration contains two counts. The first alleges that, the defendant hired the plaintiff for a year from the first of April, 1886, as assistant manager, at the wages of one thousand dollars a year, payable in monthly instalments, together with the privilege of a house and cow-keep, and such articles as he might purchase of the defendant at cost; that he entered into the defendant's service upon these terms and was discharged from service before the end of the year.

The second count alleges a like contract, only making the contract and service to start from the first day of May, 1886, and avers like wrongful dismissal before the year was out. Non-assumpsit was pleaded and issue joined; and no question arose on the pleadings. No instructions were asked by the plaintiff. The defendant asked seven instructions. His second, third, fourth and seventh were granted.

McCullough Iron Co. *vs.* Carpenter.

The first, fifth and sixth prayers were rejected, and the refusal to grant them is the ground of this appeal.

By the first prayer the Court was asked to say that "there is no evidence in this case legally sufficient to entitle the plaintiff to recover." This prayer assumes the truth of all the evidence offered by the plaintiff, and asks the Court to say, that, in law, the evidence is insufficient to support the plaintiff's action. The plaintiff testified that for twenty-seven years he had been in the employment of the defendant in its rolling mill, during which time he had been paid part of the time by the day, part of the time by the ton, and the balance of the time by the year; and that the change in his pay began the first of April, 1882. At that time he was appointed assistant manager at one thousand dollars per year, payable in monthly instalments of eighty-three dollars and thirty-three cents each; and that under this contract he worked till 1st of September, 1886, when he was discharged. He said he also got a house worth six dollars and a half per month; a cow-kept free, and coal at cost.

On cross-examination he said, when he was appointed assistant manager, the secretary of the company handed him an envelope on which was written a thousand dollars a year, and asked him if that would satisfy him with the other privileges he was getting, viz., house and cow-keep. He kept right along, and the eighty-three dollars and thirty-three cents was regularly paid every month. Nothing was said to him about salary, amount of salary, or length of service, except what appeared on that envelope, from that time till his discharge. On cross-examination he further said there was no bargain except what he said took place in April, 1882. He said he replied to the offer made that it would do, and accepted the terms and worked accordingly, and was paid accordingly.

Ephraim Stine testified that he was employed as forge boss from the 20th of April, 1885, to September 1st, 1886,

when he was discharged. He said when he was employed, Mr. Harvey, the president of the company, Mr. Whitely, the treasurer and director, and Mr. McDaniel, secretary and director were all present. That these officers then present, said they " would hire him for a year; and said we will hire you just as we hire Billy Carpenter, meaning the plaintiff, by the year, and that they told him that he should receive his orders from the plaintiff."

As no question is raised except such as depends on the legal sufficiency of the testimony to support the plaintiff's action, it is unnecessary to state the evidence respecting the character of the work done, the sickness of the plaintiff for part of the time before his discharge, but from which he haa recovered, and reasons assigned for discharge which only involved retrenchment of expenses.

There can be no doubt that, in this country, the rule is, an indefinite hiring is *prima facie* a hiring at will. It is also well settled that a hiring at so much a week, month or year, no time being specified does not; of itself, make more than an indefinite hiring. It is competent for the parties to show what the mutual understanding was, but unless there was a mutual understanding, it is only an indefinite hiring. *Wood on Master and Servant,* (*1st Ed.*,) 272; *Prentiss vs. Ledyard,* 28 *Wisconsin,* 131; *Orr vs. Ward,* 73 *Ill.,* 318; *Haney vs. Caldwell,* 35 *Arkansas,* 156. By the second instruction asked by appellant the jury was told that " the burden was on the plaintiff to satisfy them, that he was employed by the defendant for one year from the first of April or the first of May, 1886," as the rule laid down in the authorities cited requires. Now under the law as we understand it to be, if the plaintiff's case rested solely upon his own testimony, there would seem to be no escape from instructing the jury there was no legally sufficient evidence of a contract for a yearly hiring. But the plaintiff's testimony is supplemented by the testimony of Ephraim Stine, as to what the officers told him,

the contract with the appellee was in respect to the time of service, and we think that with that and the other testimony in the cause, there was no error in rejecting the first prayer. Stine's testimony, if believed by the jury, certainly showed how the appellant understood the contract. It was an admission of the defendant that the plaintiff was hired by the year, and if the plaintiff had rested on that admission alone, the jury might have found the contract provided for a year's service. . With such admission of the defendant the Court could not say there was no legally sufficient evidence to justify the jury in finding the defendant had hired the plaintiff for a year.

The fifth instruction was rejected, no doubt for the reason that in the second, third and seventh instructions asked by the appellant, the Court had instructed the jury most emphatically that to find for the plaintiff they must find the defendant had agreed to hire him for a year from the first of April or first of May, 1886. The fifth instruction stated an abstract proposition of law which though it be true was wholly immaterial if the jury found from the evidence there was an agreement to hire for one year. The jury were told so emphatically that they must find the defendant did agree to hire the plaintiff for a year before they could find for the plaintiff, we cannot see how the rejection of the fifth prayer could have prejudiced the defendant (appellant here.) The jury having found for the plaintiff must have found on the evidence that the defendant had hired the plaintiff for a year ; and the granting of the prayer embodying the abstract proposition contained in the fifth instruction, could not have affected their verdict. That prayer asked that the jury be told, that if they found the hiring was for an indefinite length of time, and that no subsequent contract fixed a definite time, then they must find for defendant. In the seventh prayer which was asked and granted, this language was used, "and to enable the

plaintiff to recover he must satisfy the jury that 'he entered upon said employment for a year commencing on said first day of April or May, 1886, upon the mutual understanding and agreement of himself and defendant that it should continue for a year." With such explicit instruction how could the fifth have aided them? and how can its rejection be ground for reversal?

The sixth prayer, in substance, asked the Court to tell the jury that notwithstanding they might find the plaintiff did hire himself to the defendant in April or May, 1882, for a year, and after its expiration continued in defend. ant's service without any new contract as to time of service, then their relations after the expiration of the first year was a hiring at will, and terminable at the pleasure of either party. This prayer was rejected, which it is claimed was error.

The refusal of this prayer is justified by the weight of authority, both in England and in this country. The case of *Beeston vs. Collyer*, 4 *Bingham*, 309, distinctly decides that if the contract for a year is made, and the parties do not disagree, and the service continues, the same contract prevails for the next year during which service has continued, without a new agreement. This is admitted to be the law in England, but it is urged is not the accepted law in this country. We do not think this contention sustained by the authorities. Mr. Wood in his work on *Master and Servant, sec.* 96, says, when the contract for a year is not expressly renewed, and the service continues in the same business, the presumption is the contract was continued. This is an American authority of high repute, and he cites numerous American decisions in support of the law announced in the text. In *N. H. Iron Factory Company vs. Richardson*, 5 *N. H.*, 294, such contract is likened to the case of a tenant holding over. In *Wallace vs. Floyd*, 29 *Pa. State*, 184, the Court says, the presumption is, when the service continues it is under the same contract. The same

principle is maintained in *Rauck vs. Allbright*, 36 *Pa. St.*, 367; *Nicholson vs. Patchin*, 5 *Cal.*, 474; *Huntingdon vs. Claffin*, 38 *N. Y.*, 182, and in *Vail vs. Jersey Little Falls Manf. Co.*, 32 *Barbour*, (*N. Y.*) 564. Being only a presumption it is liable to rebuttal by evidence of a change of contract. By the seventh instruction the jury were told, on the application of the appellant "that even though they might find that the plaintiff was employed by the defendant for one year from the 1st of April or May in the year 1886, and that he continued in the employ of the defendant down to and beyond the first of April, 1886, yet this is not conclusive to prove that he continued in the service of the defendant after said 1st of April or May, 1886, on a contract of hiring for one year from the last mentioned dates or either of them, but the jury must determine from all the facts and circumstances proved in the case what the contract between the plaintiff and defendant really was, under which the plaintiff continued in said service after said last mentioned dates; and to enable the plaintiff to recover he must satisfy the jury that he entered upon said employment for the year commencing on said 1st of April or May, 1886, upon the mutual understanding and agreement of himself and defendant that it should continue for a year, but said mutual understanding and agreement need not be by an express contract, but may be inferred by the jury from all the facts and circumstances in evidence before them, if the jury find there are such facts and circumstances sufficient to warrant such finding."

In the face of such an instruction granted at appellants' instance, we cannot see how complaint can be sustained for the refusal to grant the sixth instruction, or any other instruction they asked for. Without sanctioning the instruction thus granted, and which we are not called on to express opinion upon, we are of opinion that

the appellant has no ground to complain, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 3rd November, 1887.)