SPERLING *v.* TERRY

[No. 17, September Term, 1957.]

*Decided October 22, 1957.*

368

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Allen A. Sperling, pro se,* for the appellant.

Submitted on brief by *William J. Brannan, Jr.,* for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

Allen A. Sperling feels aggrieved by rulings of the trial court: his motion for a summary judgment was denied; and the court construed a written contract between him and the appellee, and instructed the jury that such construction was binding upon them.

In 1955, Sperling was about to start the erection of a dwelling. He needed someone to supervise the building operation as it progressed. As a result, the following contract was drafted by the appellant, upon appellee's request for a written contract, and signed by both parties:

"This agreement, made this 22nd day of November, 1955, between Hazen C. Terry and Allen A. Sperling, whereby it is mutually agreed that Hazen C. Terry will supervise and work on the construction of a private dwelling for Allen A. Sperling, located in Springbrook Forest, Silver Spring, Maryland, all labor and materials to be furnished by Allen A. Sperling. Hazen C. Terry shall work on a five-day, forty-hour week basis unless otherwise agreed by the parties. His compensation shall be at the rate of one hundred fifty dollars ($150) weekly, which is to be regarded as an independent contrac-

tor's fee, no payroll deductions to be made there-from.

"Signed Hazen C. Terry
"Signed Allen A. Sperling"

The appellee began work under this contract on December 3, 1955, and continued working until March 16, 1956, when he was discharged by the appellant, with the house not completed. The appellee sued the appellant for the amount he would have earned had his services been retained until the completion of the house, contending that the contract gave him the right to perform until the house was completed. The appellant counterclaimed for damages allegedly resulting from appellee's unsatisfactory performance of his work; and further contended that the contract did not bind either party for any fixed period of time, but that the appellee was free to discontinue work at any time, and the appellant was at liberty to discharge the appellee at will, without cause. The court denied a motion for a summary judgment made by the appellant at the close of the appellee's case, and charged the jury that, as a matter of law, the contract bound the appellant to retain the appellee on the job until its completion, as long as the appellee performed his duties in a proper manner, but, if the appellee failed so to perform his duties, the appellant had the right to discharge him. The jury rendered a verdict in favor of the appellee.

The appellant contends that the hiring under the above contract was one of indefinite duration and, *prima facie,* a hiring at will; and, as the appellee failed to go further and show a mutual understanding between the parties of a fixed period of employment, the hiring was at will, which permitted the appellant to terminate it, without cause. If he be correct in the premise that the hiring under the contract was one of indefinite duration this is sound argument. *McCullough Iron Co. v. Carpenter,* 67 Md. 554, 557, 11 A. 176; *Stubbs v. Vestry of St. John's Church,* 96 Md. 267, 279, 53 A. 917; *C. & P. Telephone Co. v. Murray,* 198 Md. 526, 535, 536, 84 A. 2d 870. But we think it is implicit from the language employed in the contract, the subject matter, and the surround-

ing circumstances [1] that the parties agreed the appellee would "supervise and work on the construction" of the house until completed. It will be noted that the appellant was not in the building business. He was going to erect a single dwelling, for use as his abode. This, ordinarily, would require between two and four months. For him, it was an isolated undertaking. He needed a supervisor, so he employed the appellee to "supervise and work on the construction of a private dwelling", "all labor and . materials to be furnished by" the appellant. The appellee was to work on "a five-day, forty-hour week basis" and his compensation was to be *at the rate* of one hundred and fifty dollars per week, which was "to be regarded as an independent contractor's fee". We think the only logical conclusion concerning the duration of the employment to be reached from the above is the one reached by the court below.

Where the contract was unambiguous, there can be no doubt that it was the province of the court to interpret the contract and to instruct the jury accordingly. *Strickler Eng. Corp. v. Seminar,* 210 Md. 93, 100, 122 A. 2d 563.

*Judgment affirmed, with costs.*

---

1. This Court has held these factors should be considered in interpreting a contract. *C. & P. Telephone Co. v. Murray, supra,* 198 Md. at page 535.