936 A.2d 365

**OLDE SEVERNA PARK IMPROVEMENT ASSOCIATION, INC., et al.**

v.

**Paul GUNBY, Jr., et al.**

**No. 37, Sept. Term, 2007.**

Court of Appeals of Maryland.

Dec. 3, 2007.

318

Robert C. Douglas (Glen K. Allen of DLA Piper US LLP of Baltimore), on brief, for petitioners.

Andrew H. Baida (Rosenberg, Martin, Greenberg, LLP of Baltimore, Frederick C. Sussman and James P. Nolan of Council, Baradel, Kosmerl & Nolan, P.A., of Annapolis), on brief, for respondents.

Argued before BELL, C.J., RAKER, HARRELL, BATTAGLIA, JOHN C. ELDRIDGE (retired, specially assigned), ALAN M. WILNER (retired, specially assigned), and DALE R. CATHELL (retired, specially assigned), JJ.

CATHELL, J.

This case requires us to consider whether a deed, which incorporates by reference a Plat recorded in 1931, should be strictly construed against the severance of riparian rights. We shall hold that the 1931 Plat specifically reserved to the Developer riparian rights in order that the notation of certain areas on the plat that appeared to be waterfront property would not be considered an offer to dedicate such areas to the local governing authority, but that when the Developer subsequently conveyed waterfront land recorded on that Plat in fee

simple to an individual owner, the riparian rights were conveyed with the waterfront property and consequently were severed from the Developer at the time of that conveyance.

In 1931, the Severna Company subdivided a tract of land owned by it in fee simple, and recorded a Plat displaying the subdivision in the Land of Records in Anne Arundel County. In 1963, the Severna Company conveyed to a Mr. Christian E. Rossee, in fee simple, waterfront property that included the riparian rights at issue in this case. In 1972, Mr. Rossee conveyed .70 acres of waterfront property to Mr. John M. Jones and his wife, Carol R. Jones. The Joneses in turn conveyed that waterfront property, along with a landlocked parcel of land, to Paul Gunby and his wife, Joan Gunby in 1991.

In July 2004, the Maryland Department of the Environment ("MDE") issued a license to Paul Gunby ("respondents")[1] to construct a foot bridge and pier across a tidal pond that bisected his property. On September 2, 2004, the Olde Severna Park Improvement Association filed a petition for judicial review and a motion for a temporary restraining order and preliminary injunction, claiming that it owned the riparian rights required for the issuance of that license. Additionally, on February 25, 2005, petitioner filed a complaint for declaratory judgment seeking resolution of the disputed ownership of the riparian rights at issue in the case at bar. On September 13, 2004, a consent order barring construction until the resolution of the petition was granted.

The Circuit Court for Anne Arundel County heard oral arguments on cross-motions for summary judgment on the complaint for declaratory judgment on May 23, 2005, and on June 3, 2005, the Circuit Court held that the deed conveying the land (originally to Mr. Rossee, and through chain of title,

1. The license from MDE was issued only to Mr. Gunby and some pleadings were filed solely by or against Mr. Gunby. At the motion hearing in March 2005, however, Mr. Gunby orally amended his motion to add Mrs. Gunby. Therefore, we refer to the Gunbys as respondents.

to respondents) did not convey the riparian rights to Mr. Rossee. On June 28, 2005, the Circuit Court for Anne Arundel County held that the MDE had improperly issued the original license, based on its determination in the declaratory judgment case that respondents did not possess the requisite riparian rights.

Respondents filed a notice of appeal and subsequent petition for a writ of certiorari in both the declaratory judgment and the petition for judicial review cases. The Court of Special Appeals issued an opinion on April 27, 2007, vacating the petition for judicial review judgment of the Circuit Court, and reversing the declaratory judgment. *Gunby v. Olde Severna Park Improvement Ass'n, Inc.*, 174 Md.App. 189, 921 A.2d 292 (2007). Petitioner [2] then filed a petition for certiorari with this Court, which we granted. *Olde Severna Park v. Gunby*, 399 Md. 595, 925 A.2d 634 (2007). Petitioner presents two questions for our review:

"1. DO *Williams v. Skyline Development Corporation*, 265 Md. 130 [288 A.2d 333] (1972), MARYLAND ANN. CODE REAL PROPERTY § 2–101, OR ANY OTHER AUTHORITY REQUIRE THAT A FIFTY–FIVE YEAR OLD DEED INCORPORATING BY REFERENCE A 1931 PLAT BE STRICTLY CONSTRUED AGAINST THE SEVERANCE OF RIPARIAN RIGHTS?

"2. IN DETERMINING THE INTENT AND MEANING OF A 1931 PLAT WITH REGARD TO RIPARIAN RIGHTS, IS IT APPROPRIATE FOR A COURT TO APPLY A LEGAL CONTEXT DEVELOPED BY AN APPELLATE DECISION NEARLY SEVENTY YEARS AFTER 1931?"

We hold that the reservation in the 1931 Plat only had the effect of *not* dedicating the riparian rights to Anne Arundel County, but instead insured that those rights were retained by the Severna Company. Therefore, in 1963, when the Severna

---

**2.** The petitioners were descried in the petition as "Olde Severna Park Improvement Association (the 'Association'), *et al.*" For ease of reference we shall refer to them collectively as petitioner.

Company conveyed to Mr. Rossee the waterfront land in fee simple, it had the effect of conveying to Mr. Rossee (and consequently to respondents through chain of title [3]) the riparian rights as well. In light of this holding, it is unnecessary to resolve the second question of the petition.

## I. Facts

The facts relevant to our holding [4] begin in 1931, when the Severna Company recorded a Plat in the Land Records of Anne Arundel County. The waterfront property at issue in the case before us [5] is indicated on that Plat. In the upper left hand corner of the Plat appears the following handwritten notation:

### "NOTE

IT IS THE INTENTION OF THE SEVERNA COMPANY NOT TO DEDICATE TO THE PUBLIC, THE STREETS, ALLEYS, ROADS, DRIVES, AND OTHER PASSAGE WAYS AND PARKS SHOWN ON THIS PLAT, EXCEPT THAT THE SAME MAYBE USED IN COMMON BY LOT OWNERS AND RESIDENTS OF SEVERNA PARK PLAT 2. ALL RIPARIAN RIGHTS BEING RETAINED BY THE SAID THE SEVERNA COMPANY."

In 1963, the Severna Company conveyed to Christian Rossee (the "Rossee Deed"), in fee simple, several parcels of land, including the waterfront property at issue in the instant case.

---

**3.** "An owner's 'chain of title' is simply the preceding recorded deeds (or other instruments of transfer, such as a will) going back in time, in order, *i.e.,* the last recorded to first recorded instrument.... A subsequent owner, therefore, has notice of what is contained in his or her actual chain of title even if he or she has never seen it, heard it, or even imagined that it existed."
*Bright v. Lake Linganore Ass'n, Inc.,* 104 Md.App. 394, 424–25, 656 A.2d 377, 393 (1995).

**4.** For a more thorough and extensive explanation of the facts in this case, reference is made to Judge Hollander's excellent opinion in *Gunby v. Olde Severna Park Improvement Ass'n, Inc.,* 174 Md.App. 189, 921 A.2d 292 (2007).

**5.** When referencing the "waterfront property at issue", we do not imply that the ownership of the land is disputed, but refer only to the riparian rights that accompany the waterfront property.

That property in the Rossee Deed was described as running "with the water[']s edge ..." and granted to Rossee "all privileges, appurtenances and advantages to the same belonging or anywise appertaining." Additionally, the *habendum* clause stated:

"TO HAVE AND TO HOLD the said parcels of ground above described and mentioned and hereby intended to be conveyed *together with the rights, privileges, appurtenances and advantages thereto belonging or appertaining unto* and to the proper use and benefit of the said CHRISTIAN E. ROSSEE, his executor, administrator, heirs and assigns, in fee simple.

"AND the party of the first part [Severna Company] hereby warrants that it has not done or suffered to be done, any act, matter or thing whatsoever to encumber the property hereby conveyed and will warrant specially the property hereby granted and that it will execute such further assurances of the same as may be requisite, but nothing herein granted is to apply to restrictions, dedications, easements or ways." (Emphasis added.)

According to the testimony of Mr. Rossee's daughter, Debra Shepley, Mr. Rossee and Ms. Shepley, shortly after the conveyance to Mr. Rossee, constructed approximately four jetties from the shoreline into the water to prevent erosion. Those jetties were built and maintained by Mr. Rossee until the early 1970's without any objection.

In 1972, Mr. Rossee conveyed in fee simple approximately .70 acres of waterfront property—the waterfront property at issue in the instant case—to Mr. and Mrs. Jones (the "Jones Deed"). That deed described the property as: "part of ... the ... conveyance from the Severna Company to Christian E. Rossee ..." and described the property as extending to a point "located on the shoreline of the Severn River...." The *habendum* clause in the deed to Jones stated in relevant part:

"**To Have And To Hold** the said lot of ground and premises, described and mentioned, and hereby intended to be conveyed; *together with the rights, privileges, appurte-*

*nances and advantages thereto belonging or appertaining unto* and to the proper use and benefit of the said JOHN M. JONES, JR. and CAROL R. JONES, his wife, as tenants by the entireties, their assigns, the survivor of them, the survivor's heirs and assigns, in fee simple." (Emphasis added.)

In 1977, the Severna Company transferred all of its remaining property rights, to the Olde Severna Park Improvement Association in a quit claim deed that states, in relevant part:

"WHEREAS, The Severna Company now desires to convey the hereinafter described property and riparian rights thereto to The Anne Arundel County Planning and Zoning Officer, in trust, to be immediately conveyed to the Olde Severna Park Improvement Association, Inc.[,] the community association representing the lot owners of Severna Park.

"NOW, THEREFORE, THIS DEED WITNESSETH:

"That for and in consideration of the premises and the sum of One Dollar, receipt of which is hereby acknowledged, the Party of the First Part [the Severna Company] does hereby grant, convey, and assign, release, and quit claim unto the said Party of the Second Part [the Anne Arundel County Planning and Zoning Officer], in trust, nevertheless, to be immediately reconveyed to the Olde Severna Park Improvement Association, Inc., all its right, title, interest and estate whatsoever in law or in equity in, to, or over the property . . . ."

Then in October 1991, the Severna Company conveyed to Olde Severna Park Improvement Association via quit claim deed "any property interest remaining in the Severna Company, Inc.[,] on the herein described four plats that was not previously conveyed to the Grantee or to any third party." In sum, the two deeds conveyed any interests, including whatever riparian rights, that the Severna Company may have had in 1977 and 1991 to petitioner.

Following her father's death in July 1980, Ms. Shepley obtained title to the remaining Rossee property.[6] In 1989, she constructed, with the Joneses permission, several more jetties into the water from both her property and that of the Joneses, which did include the property at issue in the instant case. This was done, again, without objection. With regard to the ownership of riparian rights, her testimony states, in relevant part: "My father and I both installed and maintained our jetties ... because we believed, and I continue to believe, that we owned the riparian rights associated with our ownership [of the property]...."

Finally, by deed dated February 27, 1991, the Joneses conveyed in fee simple to respondents, two contiguous and adjoining parcels of land, which included the waterfront property at issue in this case. There, the parcel of land that included the waterfront property was described as being "located on the shoreline of the Severn River" and as being "the same parcel of land which by Deed dated January 17, 1972 ... was granted and conveyed from Christian E. Rossee unto John M. Jones and Carol R. Jones, his wife." The *habendum* clause states:

"TO HAVE AND TO HOLD the said described lot of ground and premises, above described and mentioned, and hereby intended to be conveyed; *together with the rights, privileges, appurtenances and advantages thereto belonging or appertaining unto* and to the proper use and benefit of the said parties of the second part [John M. Jones and Carol R. Jones], as Tenants by the Entireties and not as Tenants in Common[,] personal representatives and assigns, in fee simple." (Emphasis added.)

In November 2003, respondents filed a "JOINT FEDERAL/STATE APPLICATION FOR THE ALTERATION OF ANY TIDAL WETLAND IN MARYLAND" with MDE for a license to construct a 410 foot walkway over a tidal pond that

---

6. The remainder of the property originally conveyed to Rossee from the Severna Company, except that .70 acre of waterfront property at issue in the present case.

bisected their property, and a 200 foot pier. Petitioner noted its objection in a letter dated February 26, 2007, where it claimed to MDE that riparian rights had never been conveyed to Mr. Rossee, and consequently, respondents could not have obtained those riparian rights through chain of title. Petitioner claimed that those riparian rights belonged to it. MDE, nevertheless, issued the license in July 2004.

As stated above, in September 2004, petitioner filed a petition for judicial review regarding the issuance of the license by MDE, and complaint for declaratory judgment as to the ownership of the riparian rights. While the petition was pending, the Circuit Court for Anne Arundel County heard cross-motions for summary judgment in June 2005, and ultimately issued a written opinion and separate order granting petitioner's motion. There, the Circuit Court found that the Severna Company had expressly reserved to itself the riparian rights via the notation on the 1931 Plat, and determined that the Rossee Deed did not convey riparian rights. In support of this conclusion, the Circuit Court reasoned that Maryland law under *Williams v. Skyline*, 265 Md. 130, 288 A.2d 333 (1972), provided that a plat is incorporated into a deed if the deed contains a reference to the plat, which the Rossee deed did.[7] Additionally, it observed that when interpreting deeds, the entire deed must be interpreted as a contract, no part of which may be disregarded unless violative of some principle of law. Finally, the Circuit Court found the 1931 Plat to be ambiguous, based on the different conclusions of two different attorneys. It therefore looked to the language of other deeds from the Severna Company to determine the intent of the grantor, which the Circuit Court ultimately determined to be an intention to reserve riparian rights free from the claims of subsequent individual property owners.

---

7. In its description of the land, the Rossee Deed stated, in relevant part: "TOGETHER with the right to use in common with the seller and others, all of the streets, roads, parks, and avenues as shown on Plat # 2, Severna Park ... surveyed ... April, 1931, recorded among the Plat Records of Anne Arundel County."

In June 2005, the Circuit Court also heard arguments on the petition for judicial review challenging the issuance of the MDE license. Taking judicial notice of its decision in the declaratory proceeding, the Circuit Court concluded that because respondents did not possess riparian rights, respondents were not entitled to a license to construct the walkway or pier, and consequently reversed MDE's decision.

The Gunbys, respondents, then filed a notice of appeal and subsequent petition for a writ of certiorari from both the Circuit Court's declaratory judgment and its resolution in respect to the petition for judicial review of the MDE license. The Court of Special Appeals issued a reported opinion on April 27, 2007, where it vacated the judgment of the Circuit Court regarding the petition for judicial review, and reversed the decision regarding the declaratory judgment. *Gunby v. Olde Severna Park Improvement Ass'n, Inc.*, 174 Md.App. 189, 921 A.2d 292 (2007). Observing that riparian rights usually accompany waterfront property, the Court of Special Appeals held that to sever riparian rights, a more express and definitive statement of reservation would normally be required than existed in the instant case. We agree with that court.

## II. Standard of Review

Maryland Rule 2–501 authorizes a motion for summary judgment[8] where: "there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law." This Court has stated: " 'When reviewing the grant or denial of a motion for summary judgment we must determine whether a material factual issue exists, and all inferences are resolved against the moving party.' " *Miller v. Bay City Property Owners Ass'n, Inc.*, 393 Md. 620, 631, 903 A.2d 938, 945 (2006) (*quoting King v. Bankerd*, 303 Md. 98, 110–11, 492 A.2d 608, 614 (1985)); *e.g.*, *Lynx, Inc. v. Ordnance Products, Inc.*, 273 Md. 1, 7–8, 327 A.2d 502, 509 (1974).

---

8. The trial court declared judgment as to the complaint for declaratory judgment by the granting of a motion for summary judgment with an opinion declaring the rights of the parties.

"That, as a general rule, the construction or interpretation of all written instruments is a question of law for the court is a principle of law that does not admit of doubt." *Gordy v. Ocean Park, Inc.*, 218 Md. 52, 60, 145 A.2d 273, 277 (1958) (citing *Roberts v. Bonaparte*, 73 Md. 191, 20 A. 918 (1890)); *Sperling v. Terry*, 214 Md. 367, 135 A.2d 309 (1957), *Strickler Engineering Corp. v. Seminar*, 210 Md. 93, 100, 122 A.2d 563 (1956), *Hartsock v. Mort*, 76 Md. 281, 291, 25 A. 303 (1892). "Our standard of review of [a][] declaratory judgment entered as the result of the grant of a motion for summary judgment is whether that declaration was correct as a matter of law." *South Easton Neighborhood Ass'n v. Town of Easton*, 387 Md. 468, 487, 876 A.2d 58, 70 (2005) (citing *Converge Servs. Group, LLC v. Curran*, 383 Md. 462, 476, 860 A.2d 871, 879 (2004)).

## III. Discussion

 Petitioner argues that the notation on the 1931 Plat served to sever the riparian rights from the land, and that the 1963 Rossee Deed, from which respondents derive their title, specifically incorporated the 1931 Plat, resulting in no conveyance of riparian rights to Rossee, respondent's predecessor in title. It further argues in its brief that the intention of the Severna Company was to reserve the riparian rights "for itself and later the community." We disagree. The notation on the 1931 Plat served only to ensure that the riparian rights were not dedicated to the public or a governing body thereof, e.g., Anne Arundel County. At the time of the filing of the Plat, the notation served as a reservation of the riparian rights to the Severna Company, free of any offer to dedicate such rights to the County. When the Severna Company subsequently conveyed to Rossee the waterfront property in fee simple, it conveyed exactly what it then had; i.e., both the land and the riparian rights that went with the land. It no longer reserved any riparian rights appurtenant to that land then being conveyed. As Judge Hollander correctly noted for the Court of Special Appeals:

"[T]he Note on the 1931 Plat did not retain riparian rights in the developer with respect to the waterfront lot pur-

chased by Rossee or his successors. To accomplish that objective with respect to a waterfront community, more would have been required than the one sentence we have here.... [O]ne who buys waterfront property in a development usually expects to acquire riparian rights, unless those rights are clearly and expressly excluded."

*Gunby*, 174 Md.App. at 257–58, 921 A.2d at 333.

■■■ Generally, when a plat is recorded, it is presumed that there is an intent to dedicate particular types of land interests to public use, such as roads, parks, etc., and when that offer of dedication is accepted, the dedication is complete and the local government will generally have jurisdiction over that land. We explained the concept of common-law dedication in *City of Annapolis v. Waterman:*

"Generally, common-law dedications are voluntary offers to dedicate land to public use, and the subsequent acceptance, in an appropriate fashion, by a public entity. Common-law dedications are not mandated by statute. The offers [to dedicate] are generally, although not exclusively, made by showing roads, parks or similar facilities on plats without any limitations on dedication, and the recording of those plats."

357 Md. 484, 503–04, 745 A.2d 1000, 1010 (2000). The offer of dedication of land and the acceptance of that offer by a public body generally has the effect of imposing on the local governing entity the responsibility of maintenance and repair. *Id.* 357 Md. at 504, 745 A.2d at 1010. Further, dedications of the nature alleged here must be made to the public at large, and normally are not intended for sole use of the individual landowners. " '[T]here is no such thing as a dedication between owner and individuals. The public must be a party to every dedication.' " *Id.* 357 at 506, 745 at 1011 (*quoting Jackson v. Gastonia*, 246 N.C. 404 409, 98 S.E.2d 444, 447 (1957)). Where a reservation in a dedication is present, it will overcome the presumption of dedication:

"[W]hen an owner of land makes a plat of his property 'on which streets or alleys are laid down and then conveys it in

lots as bounding on the streets and alleys by reference to their numbers on the plat from which it appears that they do in fact bound on the streets or alleys, an intention to dedicate the land lying in the bed of the streets and alleys to public use will be presumed, *in the absence of language showing that no dedication was intended.*' " (Emphasis added.)

*Mauck v. Bailey,* 247 Md. 434, 442–43, 231 A.2d 685, 690 (1967) (*quoting Atlantic Construction Corp. v. Shadburn,* 216 Md. 44, 51, 139 A.2d 339, 343 (1958)). The reservation language on the Plat at issue here is just that type of language used to show that no offer to dedicate riparian rights was made by the filing of the 1931 Plat.

 A riparian landowner is defined as " 'one who owns land bordering upon, bounded by, fronting upon, abutting or adjacent and contiguous to and in contact with a body of water, such as a river, bay, or running stream.' " (citation omitted). *Kirby v. Hook,* 347 Md. 380, 389, 701 A.2d 397, 402 (1997) (*quoting People's Counsel v. Maryland Marine Mfg. Co.,* 316 Md. 491, 493 n. 1, 560 A.2d 32, 33 n. 1 (1989)). When waterfront property is conveyed, there exists a presumption that the property is accompanied by the riparian rights to those waters. *See Williams v. Skyline Development Corp.,* 265 Md. 130, 162, 288 A.2d 333, 351–52 (1972) ("a conveyance of land bordering on navigable water presumptively carries with it the grantor's riparian rights"); *Conrad/Dommel, LLC v. West Development Company,* 149 Md.App. 239, 277, 815 A.2d 828, 850 (2003) ("Absent an express reservation, it is presumed as a matter of law that the riparian rights [are][] conveyed in the deeds").

In the instant case, when the 1931 Plat was recorded, the notation had only the effect of showing the Severna Company's intent *not* to dedicate to the public, i.e., the County, the riparian rights. Indeed, the notation begins "It is the intention of the Severna Company *not to dedicate ...*" (emphasis added). By using this language at that particular time, it protected those streets, alleys, roads, drives, other passage

ways, parks *and* riparian rights from becoming the property of Anne Arundel County. There could not have been an intent to dedicate the riparian rights to the community at large when they were reserved in a notation restricting the dedication offer, because, as previously noted, the very nature of the type of dedication that might apply here usually requires that the public be the beneficiary of a dedication.[9] The notation on the Plat contains no ambiguity of language that would require this Court to look beyond the plain language of the 1931 Plat and the relevant deeds to the waterfront property at issue if the notation on the Plat is read in its proper context, which is governed by the law of dedication. Accordingly, when the waterfront property was later conveyed to Rossee in 1963 in fee simple, Rossee received whatever the Severna Company then possessed, which included the riparian rights appurtenant to the land conveyed. That deed, by operation of law, contained an unrebutted presumption of a conveyance of the land *and* riparian rights. In the subsequent conveyances to the Joneses and the Gunbys, no reservation of riparian rights was ever made. Riparian rights accordingly went with the waterfront property at issue here. Consequently, respondents derived their riparian rights through chain of title from the original deed to Rossee.

## IV. Conclusion

The trial court erred in the instant case in construing the notation on the 1931 Plat as an intent on the part of Severna Company to reserve the entire platted area for the reciprocal use of future owners of the private land within the development. That court clearly assumed that the notation was intended for prospective landowners as a dedication to the landowners as a whole for reciprocal use, when in fact, it was merely a notice to Anne Arundel County that no dedication was intended. The law of dedication, as stated above, clearly

---

9. Both the trial court and the Court of Special Appeals examined other conveyances of waterfront property from the Severna Company to individual landowners. As we have found no ambiguity, however, consideration of extrinsic documents is unnecessary.

shows that the effect of such a notation reserved the riparian rights to the Severna Company. When the waterfront property was conveyed to Rossee, prior to any conveyance to the Olde Severna Park Improvement Association, the Severna Company conveyed exactly what it then possessed; i.e., the land and the riparian rights. For the foregoing reasons, we affirm the decision of the Court of Special Appeals.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED; COSTS TO BE PAID BY PETITIONER.**