KACUR t/a John C. Kacur Tire Service *v.*
EMPLOYERS MUTUAL CASUALTY
COMPANY

[No. 27 (Adv.), September Term, 1969.]

*Decided April 8, 1969.*

*Motion for limited rehearing filed May 2, 1969; granted June 4, 1969. Order of Court filed June 23, 1969 adhering to views expressed in opinion of Court.*

The cause was argued before Hammond, C. J., and Barnes, McWilliams, Finan and Smith, JJ.

*J. Robert Walsh* for appellant.

*Alan R. Sachs,* with whom was *John S. Hebb, III,* on the brief, for appellee.

Finan, J., delivered the opinion of the Court.

John C. Kacur, t/a John C. Kacur Tire Service, appeals from an order entered in the Circuit Court for Montgomery County sustaining the demurrer of Employers Mutual Casualty Company to Kacur's bill for declaratory relief. In his bill of complaint Kacur prayed for a declaratory decree [pursuant to the Uniform Declaratory Judgment Act, Code (1967 Repl. Vol.) Art. 31A, §§ 1-16] holding Employers Mutual liable to Kacur under the terms of a policy for payments of workmen's compensation insurance awarded to Kacur's employee by the Maryland Workmen's Compensation Commission and also for injunctive relief and damages.

Kacur, who is a resident of Montgomery County, Maryland, had for many years operated a tire recapping and sales business in Uniontown, Pennsylvania, where he employed James Phillip Sesler. Employers Mutual is a corporation engaged in the business of casualty insurance and is authorized to engage in that business in Pennslyvania and Maryland. Kacur and Employers Mutual entered into a contract of insurance for the period of May 14, 1965, to May 14, 1966, described as "Standard Workmen's Compensation and Employer's Liability Policy (Pennsylvania)," policy # 853 61 98. Under the terms of the policy Employers Mutual agreed to insure Kacur for liability imposed upon

him by the Workmen's Compensation Act of Pennsylvania and to defend any proceeding against Kacur seeking workmen's compensation benefits.[1] Kacur paid all of the premiums due on the

1. The pertinent provisions of the policy are as follows:

| | |
|---|---|
| 1. Name of Insured | John C. Kacur |
| | T/A John C. Kacur Tire Service |
| Address | 143 East Main Street |
| | Uniontown, Fayette County, |
| | Pennsylvania |

\* \* \*

Locations—All usual workplaces of the insured at or from which operations covered by this policy are conducted are located at the above address unless otherwise stated herein.

\* \* \*

3. Coverage A of this policy applies to the Workmen's Compensation Law and any occupational disease law of each of the following states:

PENNSYLVANIA

The Insuring Agreements of said policy provide that:

Employers Mutual Casualty Company . . . Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

I. Coverage A—Workmen's Compensation

To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law.

Coverage B—Employers' Liability

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto.

\* \* \*

The Exclusions to said policy provide that:

This policy does not apply:

\* \* \*

(f) under coverage B, to any obligation for which the insured or any carrier as his insurer may be held liable under

policy and performed all acts and conditions required of him under the policy.

On January 5, 1966, Kacur's employee, James Phillip Sesler, was injured in Rockville, Maryland, while in the course of his employment. On January 15, 1966, Kacur filed an employer's report of industrial injury with the Bureau of Workmen's Compensation of Pennsylvania, and on February 15, 1966, he filed an employer's first report with the Maryland Workmen's Compensation Commission. Both reports were about the injury to Sesler and in both Kacur named Employers Mutual as his insurance carrier. On May 20, 1966, Sesler filed a compensation claim, ♯ A 398 375, with the Maryland Workmen's Compensation Commission for the injury he sustained on January 5, 1966. On June 15, 1966, the Commission awarded him compensation in the amount of $55.00 per week retroactive to January 9, 1966. No claim was filed with the Workmen's Compensation Commission of Pennsylvania. On June 2, 1967, the Maryland Commission confirmed and continued its award of June 15, 1966, and ordered Kacur to pay all costs of medicines, medical attention, and hospital services arising out of the injury to Sesler. Employers Mutual by letter dated September 29, 1966, denied coverage of Kacur in regard to the injury of Sesler under the provisions of their policy ♯ 853 61 98. Because of Employers Mutual's failure to assume liability, Kacur has paid or become liable, under the award of the Maryland Workmen's Compensation Commission, for compensation payments, hospital, surgical, medical expenses, attorney's fees and court costs amounting to many thousands of dollars.

The lower court in sustaining the demurrer to the appellant's bill for declaratory relief, stated that the policy covered injuries compensable under the Workmen's Compensation Law of Pennsylvania and that the admitted facts before the court were that a claim had been filed with, and an award made, by the Mary-

---

the workmen's compensation or occupational disease law of a state designated in Item 3 of the declarations, any other workmen's compensation or occupational disease law, any unemployment compensation or disability benefits law, or under any similar law.

land Workmen's Compensation Commission.[2] The court was of the opinion that since the policy did not provide for a coverage under the Workmen's Compensation Law of Maryland, but did expressly provide for coverage under the Pennsylvania law, that the case of *The Travelers Insurance Company of California v. Industrial Accident Commission of the State of California*, 240 C. A. 2d 804, 50 Cal. Rptr. 114 (1966) controlled. *Travelers* held that where a policy covers liability exclusively for injury under the Workmen's Compensation Law of a named state, the insurer cannot be held liable in proceedings instituted under the Workmen's Compensation Law of another forum, wherein the accident occurred, even though the compensation commission of the named state may grant an award if the claim were to be brought in that jurisdiction. It is the correctness of this ruling which is questioned on appeal.

For a better understanding of this case it may be well to note that an employee who enters into a contract of employment in a state in which a Workmen's Compensation Act is in force may recover compensation under the Act in that state for an injury sustained in the course of his employment, even though the accident occurred in another state. *Restatement, Conflicts of Laws,* § 398. The employee, however, if he shall so choose, may elect to pursue his claim in the state where the accident occurred under the Workmen's Compensation Act of that state, although the contract of employment was made in another state. *Id.* § 399. It is possible for the Workmen's Compensation Act of more than one state to be applicable, *Id.* § 402, and an "award already had under the Workmen's Compensation Act of another state will not bar a proceeding under an applicable Act, but the amount paid on a prior award in another state will be credited on the second award." *Id.* § 403.

However, the contract of insurance coverage between the em-

---

2. "In Maryland this Court has said time and again that seldom, if ever, in a declaratory judgment proceeding should a demurrer be sustained or the bill or petition dismissed without a declaration one way or the other of the rights of the parties. See *Myers v. Chief of Fire Bureau*, 237 Md. 583, 590-91 * * *." *Hunt v. Montgomery County*, 248 Md. 403, 237 A. 2d 35 (1968). See also *Queen Anne's County v. Miles*, 246 Md. 355, 362, 228 A. 2d 450 (1967).

ployer and his carrier, may or may not, depending on its language and the interpretation to which it is susceptible, be sufficiently broad as to cover the employer in all situations coextensive with the options open to the injured employee under applicable Workmen's Compensation Acts. It is the question of the scope of this coverage under the contract of insurance in effect between the appellant and appellee with which we are concerned.

The appellee relied both on *Travelers, supra,* which the lower court found persuasive and also *Consolidated Underwriters v. King,* 160 Tex. 18, 325 S.W.2d 127 (1959).

In *Travelers* the plaintiff was an employee who sustained accidental injuries arising out of and in the course of his employment working in Alaska. The contract of employment was executed in California. It does not appear that the employee ever filed an application for an award with the Alaska Workmen's Compensation Board, and therefore, no hearing on or determination of the claim was had in that forum. However, pursuant to the requirements of the Alaska Workmen's Compensation Law, the carrier, Travelers, paid a total $22,167.00 for a temporary disability, permanent partial disability and for medical expenses, which covered all liability under the Alaska Act except for future medical expenses. Several months after receipt of these benefits, the employee filed a claim with the Industrial Accident Commission of California against his employer and Travelers. The latter contended that its policy covered only claims under the Alaska Workmen's Compensation Law. The State Compensation Insurance Fund of California was subsequently joined as a party defendant. The Fund conceded that its California policy, which it had issued to the employer, would cover the injuries sustained by the employee, but argued that the defendant, Travelers, collected premiums on the basis of the payroll in Alaska under which the employee's activities were included and accordingly, that Travelers should be held solely liable for any award made under the Workmen's Compensation Law of California. The policy which had been issued by Travelers under the item "Coverage" provided, "This policy applies to the Workmen's Compensation Law of each of the following states: Alaska * * *." The policy was quite similar to the one

in the case at bar and had a "Coverage B" identical to the one in the instant case. The California Commission fixed joint liability on the two carriers, namely, the California Fund and Travelers. On appeal the California District Court of Appeals reversed the holding stating:

> "* * * we conclude that such policy states clearly and without ambiguity that Travelers agrees to pay all compensation required of the employer under the workmen's compensation law of Alaska, and that it clearly excludes liability under the workmen's compensation of any other state. The referee, in his report on reconsideration, erroneously concluded that 'Coverage B—Employer's Liability could be interpreted to include coverage under the California workmen's compensation law. * * * Coverage B relates to damages, not workmen's compensation. Under the California law, a policy of workmen's compensation is exclusively presumed to contain all of the provisions required by the Insurance Code * * *. Obviously these provisions do not apply to a policy of insurance which by its terms limits the coverage to liability under the provisions of the workmen's compensation law of another jurisdiction, and where a policy covers liability exclusively for injury under the workmen's compensation law of one state, the insurer cannot be held liable in proceedings instituted under the workmen's compensation law of another forum. * * *." 50 Cal. Rptr. at 118-119.

In *Consolidated, supra,* the coverage provision was the same as in the instant case except that it applied to the Workmen's Compensation Law of Louisiana. The employer had its home office and principal operations in Logansport, Louisiana. The employee was fatally injured while working on a logging operation of the employer in the State of Texas. The lower court upheld the employee's widow's claim filed in Texas; however, the Texas Supreme Court reversed the lower court stating:

> "It thus appears that only the name of the State of Louisiana was placed in the various spaces provided

for listing the states under whose laws benefits were afforded. It seems to us too plain for argument that far from providing for benefits and remedies under the Texas law for employees injured while working in Texas, the plain and unambiguous language of the policy expressly limits the rights and remedies of the insured's employees to those provided in the Louisiana law." *Id*. at 129.

It would appear to us that the courts both in *Travelers, supra*, and *Consolidated, supra*, jumped at the obvious by seizing upon what appears to be the literal language of the coverage provisions of the contract, concerning which law may be applicable to benefits, rather than analyzing the liability incurred by the insurance carrier under the terms of its contract with the employer. As was stated in *Weinberg v. State Workmen's Ins. Fund*, 368 Pa. 76, 81 A. 2d 906 (1951), "* * * This view apparently confuses the Fund's [insurance carrier's] liability for the payment of compensation due because of the injury to the employee, and its liability for the payment of a judgment obtained by the employee in an action to enforce payment of compensation; the latter obligation does not exist under the policy except to the extent of the amount of compensation due under the Workmen's Compensation Law; the former obligation *does* exist and is the one here asserted." *Id*. at 908. (Emphasis in original.)

In the case at bar we have no doubt but, had the employee's claim been filed in Pennsylvania, the Bureau of Workmen's Compensation of Pennsylvania would have honored the claim and the appellee would have been liable under its contract although the accident occurred in Maryland. *Magnolia Petroleum Co. v. Hunt*, 320 U. S. 430 (1943) ; *Meerdink v. Ott*, 307 Fed. 2d 721 (3rd Cir. 1962) ; *Restatement, Conflicts of Laws*, § 398.

In *Weinberg, supra*, the employer operated a summer camp in Pennsylvania. They engaged one Esther Gotkin, a New Jersey resident, as an employee who was injured in the course of her employment in Pennsylvania. The employee filed her claim for compensation with the Workmen's Compensation Bureau of the State of New Jersey and received an award from which she re-

covered judgment. The employer was insured by the Pennsylvania State Workmen's Insurance Fund which Fund refused to defend the proceedings in New Jersey or to reimburse the plaintiff for the compensation payment they were required to make to the employee as the result of the New Jersey proceedings. The employer brought suit against the Fund to recover the amount of the payments made pursuant to the New Jersey proceedings and for costs and expenditures in connection therewith. The insurance contract in pertinent part stated: "'The State Workmen's Insurance Fund hereby agrees to assume the whole liability of this Insured Employer under the Workmen's Compensation Act of Pennsylvania, * * *. The Fund agrees to pay, in the manner provided by the said Workmen's Compensation Act, all benefits due or to become due from this Insured Employer because of injuries by accident, sustained during the Term of this Policy, * * * for which this Employer may be or become liable under said Act."

The Supreme Court of Pennsylvania in holding the insurance carrier liable under the contract in *Weinberg, supra,* stated:

> "It is entirely clear that when Mrs. Gotkin was injured she immediately became *entitled* under the Workmen's Compensation Law to receive compensation from the plaintiffs, her employers, who became correspondingly *liable* to pay her such compensation. The Fund expressly agreed to assume *that liability*. Of course, the Fund was obligated only, as the policy provides, to save plaintiffs harmless to the extent of such liability, and not to the extent of any judgment that might be recovered against them; plaintiffs admit that they are not entitled to recover from defendant the amount of the New Jersey judgment but only the compensation for which they were liable to the injured employee under the Pennsylvania Workmen's Compensation Law. The fact that proceedings were instituted by Mrs. Gotkin in New Jersey is wholly irrelevant to the question of plaintiffs' liability to her under the Pennsylvania Workmen's Compensation Law. * * * If plaintiffs were not liable to her for compensation under the Pennsylvania Workmen's Compensation Law, certainly the

Fund would not be obligated to them under the terms of the policy. But it is not questioned that such liability did exist and accordingly plaintiffs were under the duty of paying her compensation—whether or not she had brought proceedings in New Jersey — to at least the extent to which she was entitled under Pennsylvania Workmen's Compensation Law, and they did in fact make such payment. We do not think it can be fairly inferred from the terms of the policy, or that the parties thereto could have contemplated, that the Fund assumed the obligation to save plaintiffs harmless only in case the injured employee instituted proceedings to recover compensation in Pennsylvania and not if, for some purpose of her own, she chose to proceed against plaintiffs in some other jurisdiction. * * *." *Id.* at 908-909 (Emphasis in original.)

Professor Larson in his treatise, *Workmen's Compensation Law,* does not discuss *Travelers, supra,* probably because it is a *nisi prius* decision; however, he does discuss *Consolidated, supra,* and we might add, adversely, stating: "Here the employer plainly intended to accept compensation liability for all his employees working in the area where decedent worked. The repeated references to Louisiana in the policy all are attempts to state what law shall govern. But the decision on what law shall apply is not one that belongs in the hands of the insurer and employer; that decision, on a statute affecting public interest, must be left to the courts." *Id.* Vol. 2 at 464 (1968 Supp.)

In contrast, Professor Larson cites with favor *Weinberg, supra,* as a footnote citation supporting the following statement:

"Express agreement between employer and employee that the statute of a named state shall apply is ineffective either to enlarge the applicability of that state's statute or to diminish the applicability of the statutes of other states. Whatever the rule may be as to questions involving commercial paper, interest, usury and the like, the rule in workmen's compensation is dictated by the overriding consideration that compensation is not a private matter to be arranged between

two parties; the public has a profound interest in the matter which cannot be altered by any individual agreements. This is most obvious when such an agreement purports to destroy jurisdiction where it otherwise exists; practically every statute has emphatic prohibitions against cutting down rights or benefits by contract. The only exception occurs under several statutes which explicitly permit the parties to agree that the local statute shall not apply to out-of-state injuries." *Id.* Vol. 3, § 87.71 at 395.

See also *Bowers v. American Bridge Co.*, 43 N.J.Super. 48, 127 A. 2d 580 (1956), aff'd, 24 N. J. 390, 132 A. 2d 28 (1957). It should be noted that what we are dealing with here was not an attempt by the terms of the insurance policy to exclude the operation of the policy from out-of-state injuries but to exempt the insurance carrier from exposure to awards from foreign jurisdiction not named in the policy. As Professor Larson has stated, the courts look with disfavor on these latter limitations. See *Alaska Packers Assoc. v. Ind. Acc. Comm.*, 294 U. S. 532 (1935); *Hartford Acc. & Indem. Co. v. Welker,* 44 S.E.2d 160 (Ga. 1947).

We are persuaded by Professor Larson's views as well as the rationale of the Pennsylvania Supreme Court in *Weinberg.* Accordingly, the order of the lower court sustaining the appellee's demurrer to the appellant's bill of complaint shall be reversed and the case remanded for an entry of a declaratory decree in favor of the appellant, whereby he shall be reimbursed by the appellee to the extent, and only to the extent, that the appellee would have been liable under the Workmen's Compensation Laws of the State of Pennsylvania, with reimbursement, however, for attorney's fees and court costs incurred as a result of the appellee's refusal to defend the claim filed by the employee in Maryland, and attorney's fees and court costs attendant to the instant litigation.

> *Order reversed, case remanded for declaratory decree in favor of appellant in conformity with this opinion, appellee to pay costs.*