939 A.2d 189

**Andrew A. SMIGELSKI d/b/a Columbia
Roofing & Home Improvement**

v.

**POTOMAC INSURANCE COMPANY OF ILLINOIS.**

**No. 52 Sept. Term, 2007.**

Court of Appeals of Maryland.

Jan. 10, 2008.

Robert W. Hesselbacher, Jr. (Wright, Constable & Skeen, L.L.P., Baltimore), on brief, for petitioner.

David B. Stratton (D. Stephenson Schwinn of Jordan, Coyne & Savits, L.L.P., Washington, DC), on brief, for respondent.

ARGUED BEFORE: BELL, C.J., RAKER, HARRELL, BATTAGLIA, GREENE, JJ., and ALAN M. WILNER and DALE R. CATHELL, JJ. (Retired, Specially Assigned).

GREENE, Judge.

This case arises from a workers' compensation claim filed by Alejandro Garcia, a Virginia resident, who was employed by Andrew Smigelski, owner of a Virginia company, and was injured while performing work in Maryland. The Maryland Workers' Compensation Commission awarded Alejandro Garcia benefits, but noted that as a result of his status as an illegal alien,[1] Smigelski's workers' compensation insurance policy would not cover the injury. On petition for judicial review, the Circuit Court for Montgomery County granted summary judgment to the insurance provider, Potomac Insurance Company of Illinois, on the issue of coverage. The Court of Special Appeals affirmed the grant of summary judgment, and we granted Smigelski's petition for certiorari.

We shall hold that the workers' compensation insurance policy, by its own terms, excluded coverage in states other than Virginia for activities requiring the employer to procure workers' compensation insurance in those states. Pursuant to Maryland law, Smigelski, as a statutory employer, was required to procure workers' compensation insurance for his employees in Maryland. We shall hold that the jury's finding that Alejandro Garcia was regularly employed in Maryland precludes a determination that he was a casual employee. Accordingly, Smigelski was required to procure workers' compensation coverage in Maryland. Therefore, under the terms of the policy, Garcia was not covered for this accident. Finally, we shall hold that, because Alejandro Garcia was an illegal alien at the time of his injury, he could not properly file a claim in Virginia. There is no basis, consistent with our prior case law, to extend coverage in this case.

---

1. It is undisputed by the parties that Alejandro Garcia was an illegal alien at the time of his injury. Both parties, in their briefs, use the term "illegal alien," and as such, we use that term throughout this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Andrew Smigelski, owner of Columbia Roofing & Home Improvements, a Virginia company, purchased a workers' compensation insurance policy ("the policy") from Potomac Insurance Company of Illinois ("Potomac"), with a policy period from February 28, 1998 to February 28, 1999. The policy, pursuant to Va.Code Ann. § 65.2–820 (1950, 2007 Repl. Vol.),[2] provides coverage for employers who are unable to secure a policy in the voluntary market. The policy terms are predetermined by law and regulations governing Virginia assigned risk policies. Specifically, the policy provides coverage for injuries to workers arising out of and in the course of employment in Virginia,[3] and limited coverage outside of Virginia according to the Residual Market Limited Other States Insurance Endorsement ("the Endorsement"). The Endorsement provides as follows:

1. We will pay promptly when due the benefits required of you by the workers compensation law of any state not listed in Item 3.A.[4] of the Information Page if all the following conditions are met:

a. The employee claiming benefits was either hired under a contract of employment made in a state listed in Item 3.A. of the Information Page or was, at the time of injury,

---

2. Va.Code Ann. § 65.2–820 provides:

Every employer subject to the provisions of this chapter who has been unable to obtain a workers' compensation insurance policy shall have the right to apply to the State Corporation Commission to have his risk assigned to an insurance carrier licensed to write and writing workers' compensation insurance in this Commonwealth. The insurance carrier, whether stock, mutual, reciprocal or interinsurer or other type or form of organization, to whom any such risk is assigned shall issue a policy of workers' compensation insurance which will enable such employer to meet the requirements of this chapter.

3. In his application for coverage, Smigelski requested coverage only in Virginia, and certified that the company's employees did not travel outside of Virginia.

4. The only state listed is Virginia.

principally employed in a state listed in Item 3.A. of the Information Page; and

b. The employee claiming benefits is not claiming benefits in a state where, at the time of the injury, (i) you have other workers compensation insurance coverage, or (ii) you were, by virtue of the nature of your operations in that state, required by that state's law to have obtained separate workers compensation insurance coverage, or (iii) you are an authorized self-insurer or participant in a self-insured group plan; and

c. The duration of the work being performed by the employee claiming benefits in the state for which the employee is claiming benefits is temporary.

The construction project underway at the time of Alejandro Garcia's accident arose when Philip Kalnitzky, doing business as Victory Homes, contracted with Andrew Smigelski to install a roof for a new home being constructed in Maryland. Smigelski subcontracted the work to Ruben Garcia. Ruben Garcia assigned his nephew, Alejandro Garcia, to a crew of approximately five men who were to work on the project.

The job was expected to take four days to complete, and on February 25, 1999, after the job had been in progress for approximately three and one half days, Alejandro Garcia was injured when he slipped and fell from the roof. At the time of the accident, which occurred in Maryland, Alejandro Garcia was an illegal alien whose residence was in Virginia.

Alejandro Garcia filed a claim for benefits with the Maryland Workers' Compensation Commission. The Commission issued an order, finding, *inter alia*, that Smigelski was the statutory employer, and that the Potomac policy did not cover Smigelski against the claim because Alejandro Garcia was an illegal alien at the time of the accident. The Commission awarded benefits to Alejandro Garcia.

Smigelski filed a timely Petition for Judicial Review in the Circuit Court for Montgomery County, and both Smigelski and Potomac filed motions for summary judgment. Potomac argued in its motion that, because Maryland law required

Smigelski to procure separate coverage, the Endorsement specifically excluded coverage for this type of work. In Smigelski's cross-motion for summary judgment, he argued that Alejandro Garcia was performing temporary or incidental work in Maryland; therefore, Smigelski argued that the policy covered Alejandro Garcia's injury, pursuant to the terms of the Endorsement.

The trial court agreed with the Commission, granting Potomac's motion on the issue of insurance coverage, and denying Smigelski's cross-motion for summary judgment. The case proceeded to a jury trial on the four remaining issues relating to Alejandro Garcia's claim: jurisdiction, willful misconduct, average weekly wage and temporary total disability.

The jury returned the following special verdict:

VERDICT:

1) WAS ALEJANDRO GARCIA REGULARLY EMPLOYED IN THE STATE OF MARYLAND? YES.

2) WAS ALEJANDRO GARCIA'S INJURY CAUSED BY WILLFUL MISCONDUCT ON HIS PART? NO.

3) FOR WHAT PERIOD OF TIME WAS ALEJANDRO GARCIA TEMPORARILY AND TOTALLY DISABLED? FROM FEBRUARY 26, 1999 THROUGH AUGUST 11, 1999.

4) WHAT WAS ALEJANDRO GARCIA'S AVERAGE WEEKLY WAGE? $415.00.

Smigelski appealed the court's grant of summary judgment to the Court of Special Appeals, but neither party appealed the judgment entered on the jury verdict. In an unreported opinion, the intermediate appellate court affirmed the judgment of the Circuit Court. Smigelski then filed a petition for writ of certiorari in this Court, which we granted.[5] *Smigelski v. Potomac Ins.*, 400 Md. 647, 929 A.2d 890 (2007).

---

5. In his brief, appellant frames the question as follows:

When a workers' compensation insurance policy expressly provides for certain coverage in states in addition to the primary state in which the policy was issued, is the scope of coverage in those other

## DISCUSSION

In reviewing a court's grant of summary judgment, we determine first whether there is any genuine dispute of material fact, and, if not, then whether the moving party is entitled to judgment as a matter of law. *Educ. Testing Serv. v. Hildebrant*, 399 Md. 128, 139, 923 A.2d 34, 40 (2007). The relevant inquiry in this case, therefore, is whether the Circuit Court erred by granting summary judgment in favor of Potomac on the issue of coverage. Furthermore, "[i]f the trial court does not state its reasons for granting the motion, we will affirm the judgment so long as the record 'discloses it was correct in so doing.'" *Phillips v. Allstate Indem. Co.*, 156 Md.App. 729, 740, 848 A.2d 681, 687 (2004) (quoting *Casey Dev. Corp. v. Montgomery County*, 212 Md. 138, 145, 129 A.2d 63, 67 (1957)). Although the Circuit Court judge did not specify his reasons for granting summary judgment, nonetheless, we shall affirm because he was legally correct.

### I. Policy Excludes Coverage

By its own terms, the Endorsement excludes coverage for activities where, "by virtue of the nature of [Smigelski's] operations in that state, [Smigelski was] required by that state's law to have obtained separate workers compensation insurance coverage." Maryland workers' compensation

---

states restricted to the benefits, if any, that would have been payable by the insurer had the injured worker's claim been filed in the primary state?

In its brief, appellee presents the following question:

Whether the Court of Special Appeals correctly affirmed the Circuit Court's award [of] summary judgment to Potomac, given the undisputed facts that 1) Alejandro Garcia was, at the time of his injury, an illegal alien, 2) that at the time of his injury illegal aliens were not entitled to any benefits under the Virginia Workers Compensation Law, 3) that the Potomac policy was an assigned risk policy issued under the Virginia Workers Compensation Insurance Plan that provided coverage for benefits awarded under the Virginia Workers Compensation Law, and 4) that at the time of his injury Alejandro Garcia was regularly employed in Maryland and thus was a "covered employee" for whom [ ] Smigelski, as statutory employer, was obligated to provide workers compensation insurance coverage under Maryland law.

law requires employers to "secure compensation for covered employees of the employer." Md.Code (1991, 1999 Repl.Vol.), § 9–402(a) of the Labor & Employment Article. There is no genuine dispute that Smigelski is the correct statutory employer,[6] and Smigelski concedes as much. As a statutory employer, Smigelski is required to secure insurance for covered employees.[7] § 9–402(a) of the Labor & Employment Article.

Petitioner contends that Alejandro Garcia qualifies as a "casual employee," and therefore is not considered a covered employee.[8] § 9–205 of the Labor & Employment Article. Although the term is not defined by statute, "this Court has consistently held that ... application of the term, 'casual employee,' should be made according to the particular

---

**6.** *See* Md.Code (1991, 1999 Repl.Vol.), § 9–508(a) of the Labor & Employment Article, which provides:

*In general.*—A principal contractor is liable to pay to a covered employee or the dependents of the covered employee any compensation that the principal contractor would have been liable to pay had the covered employee been employed directly by the principal contractor if:
(1) the principal contractor undertakes to perform any work that is part of the business, occupation, or trade of the principal contractor;
(2) the principal contractor contracts with a subcontractor for the execution by or under the subcontractor of all or part of the work undertaken by the principal contractor; and
(3) the covered employee is employed in the execution of that work.

**7.** A "covered employee" is defined, pursuant to § 9–202 of the Labor & Employment Article, as follows:

(a) *In general.*—Except as otherwise provided, an individual, including a minor, is a covered employee while in the service of an employer under an express or implied contract of apprenticeship or hire.
(b) *Unlawful employment—Minors.*—A minor may be a covered employee under this section even if the minor is employed unlawfully.
Furthermore, this Court has held that, in Maryland, "an undocumented worker injured in the course of his employment is a 'covered employee' under § 9–202 and, therefore, is eligible to receive worker's compensation benefits." *Design Kitchen & Baths v. Lagos,* 388 Md. 718, 740, 882 A.2d 817, 830 (2005).

**8.** "A casual employee is not a covered employee." § 9–205 of the Labor & Employment Article.

facts presented in each case." *Wood v. Abell,* 268 Md. 214, 221, 300 A.2d 665, 669 (1973). This Court has noted that " 'where the employment for one job cannot be characterized as permanent or periodically regular, but occurs by chance, or with the intention and understanding on the part of both employer and employee that it shall not be continuous, it is casual.' " *Lupton v. McDonald,* 241 Md. 446, 452, 217 A.2d 262, 265 (1966) (quoting *Consumers' Mut. Oil Producing Co. v. Indus. Comm'n,* 289 Ill. 423, 124 N.E. 608 (1919)). Some of the factors we use to determine whether an employee is a casual employee are: the nature of the work, the duration of the employment, and the nature of the contract of employment. *Wood,* 268 Md. at 222, 300 A.2d at 669 (quoting *Moore v. Clarke,* 171 Md. 39, 53, 187 A. 887, 893 (1936)). We use these factors to determine whether an employment arrangement is casual, and the question "must be determined with principal reference to the scope and purpose of the hiring rather than with sole regard to the duration and regularity of the service." *State Accident Fund v. Jacobs,* 134 Md. 133, 135, 106 A. 255, 255 (1919).

In this case, the jury determined that Alejandro Garcia was regularly employed in Maryland. The jury's finding on this matter is final and conclusive. Neither party has made an issue in this appeal of the jury's special verdict, and we see no reason to disturb that verdict on appeal. Because the jury found that Alejandro Garcia was regularly employed in Maryland, we cannot say that he was a casual employee. As such, Smigelski as a statutory employer was required to procure coverage for Alejandro Garcia in Maryland. Because Smigelski was required to obtain coverage for Alejandro Garcia, pursuant to Maryland law, the Endorsement excludes coverage, by its own terms, for Alejandro Garcia's work in Maryland.

## II. *Kacur Does Not Provide an Alternative Basis for Coverage*

Petitioner relies on *Kacur v. Employers Mut. Cas. Co.,* 253 Md. 500, 254 A.2d 156 (1969), for the proposition that,

even though the policy does not provide coverage for injuries outside Virginia, workers' compensation coverage is extended to other states where a proper workers' compensation claim could be filed. The facts in *Kacur*, however, are distinguishable from the facts in this case, and therefore our holding in Kacur does not apply.

In *Kacur*, an employee was injured in Maryland while in the course of his employment. *Kacur*, 253 Md. at 503, 254 A.2d at 157. He was, at the time, employed by a tire recapping and sales business located in Pennsylvania. *Id.* at 501, 254 A.2d at 156. Kacur's workers' compensation insurance policy expressly limited its coverage to claims under Pennsylvania law; however, Kacur's employee filed his claim in Maryland. *Id.* at 5–3–04, 254 A.2d at 158. This Court noted that there was no doubt that, had the injured employee filed in Pennsylvania, the insurance carrier would have been obligated to honor the claim. *Id.* at 507, 254 A.2d at 160. Based on public policy concerns, we extended the policy's coverage, noting that the employee's decision to file his claim in a particular state, where jurisdiction is proper, should not limit his employer's insurance carrier's contractual obligation to pay benefits. *See id.* at 509–10, 254 A.2d at 161.

This reasoning does not apply to the facts of this case because, under Virginia law in effect at the time of his injury, Alejandro Garcia was not considered an employee eligible for benefits because of his status as an illegal alien. At the time of Alejandro Garcia's injury, Virginia law did not include illegal aliens, who are unable to work legally because of lack of documentation, among the class of employees eligible for workers' compensation benefits.[9] *Granados v. Windson Dev. Corp.*, 257 Va. 103, 108–09, 509 S.E.2d 290, 293 (1999). Therefore, if Alejandro Garcia had filed his claim in Virginia, his claim would have been denied. In *Kacur*, this Court reasoned that an insurance carrier's obligation to pay benefits should not be dependent on the claimant's choice of forum, where

---

9. Virginia law now includes aliens and minors within the definition of employees. Va.Code Ann. § 65.2–101 (1950, 2007 Repl.Vol.).

both states have proper jurisdiction. *Kacur,* 253 Md. at 509–10, 254 A.2d at 161. Thus, since Alejandro Garcia was ineligible for compensation benefits under Virginia law, our reasoning in *Kacur* is inapplicable.

In *Commercial Union Ins. Co. v. Harleysville Mut. Ins. Co.,* 110 Md.App. 45, 675 A.2d 1059 (1996), the Court of Special Appeals faced a similar challenge. In *Harleysville,* a Virginia corporation obtained a workers' compensation insurance policy, assigned pursuant to the Virginia Assigned Risk Plan. *Harleysville,* 110 Md.App. at 48, 675 A.2d at 1061. The employer in that case specifically declined coverage for work outside of Virginia. *Id.* As such, the court concluded that the employee could not have filed his claim in Virginia. The intermediate appellate court noted that

> "[b]ecause a Virginia forum was not available, the claimant was not provided with a choice of forums in which to bring his claim. Without such a choice, the rationale behind the *Kacur* decision does not exist, and accordingly, the concept of holding an insurer liable for benefits in a jurisdiction not covered in the insurance contract cannot be justified using *Kacur's* reasoning."

*Harleysville,* 110 Md.App. at 57–58, 675 A.2d at 1065–66. In the case at bar, as in *Harleysville,* there is no alternate forum available to Alejandro Garcia, because his status as an illegal alien at the time of his injury disqualified him for coverage under Virginia's workers' compensation law. We, therefore, concur with the rationale of the intermediate appellate court in *Harleysville.*

## CONCLUSION

The policy at issue in this case, by its own terms, excludes coverage for activities outside Virginia requiring separate workers' compensation insurance. Because the jury in this case found that Alejandro Garcia was regularly employed in Maryland, we cannot say that he was a casual employee. Alejandro Garcia is not a casual employee, and Smigelski is a statutory employer; therefore, Smigelski was required to procure workers' compensation insurance in Maryland. Be-

cause Smigelski was required to obtain separate workers' compensation insurance in Maryland, the terms of the policy issued by Potomac exclude coverage for Alejandro Garcia's work in Maryland.

Further, our analysis in Kacur does not provide an alternate basis for coverage. In *Kacur*, we noted that, where an injured employee may properly file in one of several jurisdictions, an insurance provider may not decline coverage merely because of the employee's choice of forum. Alejandro Garcia's status as an illegal alien precluded him from filing a successful claim for workers' compensation in Virginia. Therefore, our reasoning in *Kacur* does not extend coverage for Alejandro Garcia's accident in Maryland.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS IS AFFIRMED. PETITIONER TO PAY THE COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.**