**TEXAS MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**The WOOD ENERGY GROUP, INC., Defendant.**

**Civil No. A–07–CA–530–LY.**

United States District Court, W.D. Texas, Austin Division.

Feb. 19, 2009.

R. Scott Placek, Kyle M. Jones, Arnold & Placek, P.C., Round Rock, TX, for Plaintiff.

Richard A. Wunderlich, Lewis, Rice, & Fingersh, L.C., St. Louis, MO, Alex Valdes, Winstead, P.C., Austin, TX, for Defendant.

## ORDER

LEE YEAKEL, District Judge.

Before the Court is the above styled and numbered cause, which is a declaratory-judgment action that Plaintiff Texas Mutual Insurance Company ("Texas Mutual") commenced after denying Defendant The Wood Energy Group, Inc.'s ("Wood Energy") indemnification request for Oklahoma workers' compensation benefits awarded by the Oklahoma Workers' Compensation Court to Benny Joe Beshear, a former Wood Energy employee. By its action, Texas Mutual maintains that the workers' compensation policy it issued to Wood Energy provides coverage only for Texas benefits, therefore, Beshear's Oklahoma benefits are beyond the scope of the poli-

cy.[1] Texas Mutual seeks a declaration by the Court that under the Policy Texas Mutual had no duty to defend and no duty to indemnify Wood Energy with regard to Beshear's Oklahoma benefits. Wood Energy responds, contends that the Policy covers Beshear's Oklahoma benefits, and alleges several counterclaims, including that Texas Mutual breached the Policy, lacked a reasonable basis to deny coverage, and acted in bad faith in denying coverage.

Texas Mutual moved for summary judgment. The Court referred Texas Mutual's Amended Motion for Final Summary Judgment, filed on October 3, 2008 (Clerk's Document No. 41); Wood Energy's Memorandum in Opposition to Plaintiff's Amended Motion for Final Summary Judgment, filed on October 14, 2008 (Clerk's Document No. 48); and Texas Mutual's Reply in Support of its Amended Motion for Final Summary Judgment, filed on October 22, 2008 (Clerk's Document No. 53) to the United States Magistrate Judge for a report and recommendation (Clerk's Document No. 55). *See* 28 U.S.C. § 636(b); Fed.R.Civ.P. 72; Loc. R.W.D. Tex. Appx. C, 1(d).

The Magistrate Judge rendered his Report and Recommendation on January 16, 2009, which recommends that this Court grant Texas Mutual's motion (Clerk's Document No. 56). The Magistrate Judge finds that under "Part One—Workers Compensation Insurance" of the Policy as there has been "no determination by any court or agency that Texas workers compensation law requires Wood Energy to pay benefits to Beshear, there is no coverage here."

The Magistrate Judge also finds that "Part Two—Employers Liability Insurance" provides no coverage because the Exclusions to Part Two expressly provide that Part Two is inapplicable "to any obligation imposed by a workers' compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law."

Additionally, with regard to "Part Three—Other States Insurance," the Magistrate Judge finds that if the Court were to adopt Wood Energy's position, Part Three would be rendered meaningless.

Addressing Wood Energy's counterclaims, the Magistrate Judge finds that, in light of the finding that the Policy provides no coverage for Beshear's Oklahoma benefits, all of Wood Energy's counterclaims must fail.

Finally, the Magistrate Judge recommends that this Court render judgment declaring that Texas Mutual has no duty to defend and no duty to indemnify Wood Energy for the Oklahoma benefits awarded to Beshear and that Wood Energy take nothing by its counterclaims.

The parties received the Report and Recommendation on January 16, 2009, and any objections were due on or before February 2, 2009. *See* Fed R. Civ. P. 72(b) (within ten days after service of report and recommendation, party may serve and file specific written objections to proposed findings and recommendations). Wood Energy filed objections on January 30, 2009 (Clerk's Document No. 57). Texas Mutual filed a Response To [Wood Energy's] Objections To The Magistrate's Report And Recommendation On Summary Judgment on February 13, 2009 (Clerk's Document No. 58). In light of the objections, the Court has undertaken a *de novo* review of the entire case file. *See* Fed. R.Civ.P. 72.

---

1. The Texas Mutual policy at issue is Workers' Compensation and Employers Liability Insurance Policy No. TSF–000150767 20050430 ("Policy").

By its objections, Wood Energy, *inter alia*, challenges the Magistrate Judge's findings and conclusions to the extent that they are premised on the fact that Wood Energy lacked Part Three—Other States Insurance and contends that the Magistrate Judge's analysis with regard to that portion of the Policy is erroneous. Wood Energy also objects to the Magistrate Judge's Footnote 9, and contends that "Wood Energy is penalized for not having 'other state' coverage under the Policy (which [Texas Mutual] and the [Magistrate] Court apparently believes was necessary to afford coverage for the Beshear claim), yet the [Report and Recommendation] notes that [Texas Mutual] 'may not issue policies with Part Three coverage.'" Further, Wood Energy objects,

> It is patently unfair to suggest that Wood Energy needed to obtain Part Three of the Policy in order to get coverage, but also conclude that such coverage is unattainable. The gist of such reasoning is that Wood Energy could have never obtained insurance coverage for the Beshear claim, and such a conclusion is error. In any event, [Texas Mutual]'s corporate representative testified that other states coverage could have been added for no additional premiums, which raises a legitimate question as to exactly what coverage Wood Energy was getting for its money.

Having reviewed the record *de novo*, including the Policy, and the applicable law, this Court will sustain Wood Energy's objections in part and only with regard to Wood Energy's request that this Court reject the entire portion of the Report and Recommendation that discusses and analyzes Part Three of the Policy. With regard to Part Three, this Court finds and concludes only that, because Part Three expressly provides that it "applies only if one or more states are shown in Item 3.C. of the Information Page" and because Item 3.C. of the Information Page states,

"NOT APPLICABLE," Part Three provides Wood Energy no coverage for Beshear's Oklahoma benefits.

Additionally, the Court notes an inadvertent erroneous reference to the date Beshear was injured. Although the Report and Recommendation states, "Beshear was injured in a work-related accident in Houston, Texas on or about December 31, 2008," based on the pleadings and summary-judgment proof, it is undisputed that Beshear was injured on or about December 31, 2005, and this Court so finds.

Finally, the Court finds that the remainder of Wood Energy's objections should be overruled as the Magistrate Judge's findings and conclusions are proper and, for substantially the reasons stated in the Report and Recommendation, the Court will approve and accept the remaining portions of the Report and Recommendation.

**IT IS ORDERED** that Defendant Wood Energy's Objections to Magistrate's Report and Recommendation filed January 30, 2009 (Clerk's Document No. 57) are **SUSTAINED IN PART** and to the extent that the Court **REJECTS** only the portion of the Report and Recommendation that discusses and analyzes Part Three of the Policy; in all other respects the objections are **OVERRULED**. The Court finds and concludes that because Part Three expressly provides "applies only if one or more states are shown in Item 3.C. of the Information Page" and because Item 3.C. of the Information Page states, "NOT APPLICABLE," Part Three provides Defendant Wood Energy no coverage for Beshear's Oklahoma benefits.

**IT IS FURTHER ORDERED** that the United States Magistrate Judge's Report and Recommendation (Clerk's Document No. 56) is **MODIFIED** to reflect that Beshear was injured on or about December 31, 2005.

**IT IS FURTHER ORDERED** that, but for the rejected portion of the Report and

Recommendation and the corrected date of Beshear's injury, the Report and Recommendation is **APPROVED AND ACCEPTED AS MODIFIED.**

**IT IS FURTHER ORDERED** that Plaintiff Texas Mutual Insurance Co.'s Amended Motion for Final Summary Judgment, filed on October 3, 2008 (Clerk's Document No. 41) is **GRANTED.**

**IT IS FURTHER ORDERED AND DECLARED** that Plaintiff Texas Mutual Insurance Company under its Workers' Compensation and Employers Liability Insurance Policy No. TSF000150767 20050430 has no duty to defend and has no duty to indemnify Defendant Wood Energy Group, Inc. for the benefits awarded by the Oklahoma Workers' Compensation Court to Benny Joe Beshear.

**IT IS FURTHER ORDERED** that with regard to its counterclaims, Defendant Wood Energy Group, Inc. **TAKES NOTHING.**

### REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

ANDREW W. AUSTIN, United States Magistrate Judge.

TO: THE HONORABLE LEE YEAKEL UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Amended Motion for Final Summary Judgment, filed on October 3, 2008 (Clerk's Doc. No. 41); Defendant's Memorandum in Opposition to Plaintiff's Amended Motion for Final Summary Judgment, filed on October 14, 2008 (Clerk's Doc. No. 48); and Plaintiff's Reply in Support of its Amended Motion for Final Summary Judgment, filed on October 22, 2008 (Clerk's Doc. No. 53).

On October 22, 2008, the District Judge referred the foregoing to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. After reviewing the parties' briefs, relevant law, as well as the entire case file, the undersigned issues the following Report and Recommendation.

### I. BACKGROUND

The facts giving rise to this litigation can be summarized as follows. Texas Mutual Insurance Company is an insurance company created by the Texas Legislature to provide Texas workers' compensation insurance coverage for Texas employers. *See* TEX. INS. CODE § 2054.151. In addition to serving "as a competitive force in the marketplace," Texas Mutual "guarantees the availability of workers' compensation insurance" in Texas and is the state's "insurer of last resort." *Id.* Relying on TEX. INS. CODE § 2054.102, Texas Mutual asserts—and Wood Energy does not contest—that Texas Mutual is not authorized to engage in the business of workers' compensation insurance in any state other than Texas.[1]

---

1. The Insurance Code provision at issue provides that the board of Texas Mutual shall, among other things, "provide for engaging in the business of workers' compensation insurance and for the delivery in this state of workers' compensation insurance to the same extent as any other insurance company engaging in the business of workers' compensation insurance in this state." *See* TEX. INS. CODE § 2054.102(1). Obviously, Texas Mutual relies on the fact that it may only participate in "the delivery *in this state* of workers' compensation insurance" to demonstrate that in may only write workers' compensation insurance policies for Texas, and for no other state. There do not appear to be any cases construing this provision. While a statute intending to so limit a company could have been more direct ("Texas Mutual may only

The Wood Energy Group is a railroad disposal contractor for the Union Pacific Railroad and the State of Texas. Wood Energy collects and recycles wooden railroad ties used along rail lines in Texas. On or about May 13, 2005, after contacting an insurance broker about the need to obtain coverage for its operations in Texas, Wood Energy purchased a standard Workers' Compensation and Employers Liability Insurance Policy ("the policy") from Texas Mutual. The policy period is from April 30, 2005 to April 30, 2006. The policy includes workers' compensation insurance (Part One) and employers' liability insurance (Part Two). A copy of the policy can be found attached to Texas Mutual's amended motion for final summary judgment.

In December of 2005, Wood Energy hired Oklahoma resident Benny Joe Beshear ("Beshear") to work for Wood Energy in Texas. Beshear only worked for Wood Energy for a short period of time, from December 27 to December 31, 2005. According to Andy Lewis, Wood Energy's vice president, Beshear told Wood Energy on December 31, 2005, that he was going to leave Texas, drive to Oklahoma, and return to work for Wood Energy in Texas on January 3, 2006. However, Beshear never returned to work for Wood Energy.

As it turns out, Beshear was injured in a work-related accident in Houston, Texas on or about December 31, 2008. Beshear did not notify Wood Energy of any injury at that time, but on May 10, 2006, Beshear filed a claim with the Oklahoma Workers' Compensation Court. May 2006 was the first time Wood Energy received notice that Beshear had been injured on the job. After receiving notice of the Oklahoma claim, Wood Energy notified Texas Mutual

and demanded that Texas Mutual tender a defense. Texas Mutual responded on July 26, 2006, with a Notice of Denial of Compensability/Liability and Refusal to Pay Benefits ("Denial letter"). In the Denial letter, authored by Demond Blanton, a workers' compensation claims adjuster for Texas Mutual, Texas Mutual stated:

> Texas Mutual Insurance Company disputes this claim in its entirety. The employee did not sustain an injury in the course and scope of employment. The employee did not report an alleged injury to the employer within 30 days of the occurrence of alleged injury. The claimant has elected to receive Workers' Compensation claim benefits under the law of another jurisdiction. The employee has elected to receive Oklahoma workers' compensation benefits.

On November 28, 2006, after a trial, the Oklahoma Workers' Compensation Court issued an order entitled "Order Determining Compensability and Awarding Temporary Total Disability Benefits." On March 2, 2007, the Oklahoma Workers' Compensation Court En Banc affirmed the decision of the trial judge, making the underlying order final and making Wood Energy financially obligated to Beshear for benefits.

Wood Energy then sought indemnification from Texas Mutual for Beshear's Oklahoma benefits. Texas Mutual refused to pay, and Wood Energy threatened to file a lawsuit against Texas Mutual for breach of contract and bad faith. On May 23, 2007, Texas Mutual filed this action for declaratory relief in Texas state court seeking a determination that there is no coverage under the policy for Beshear's Oklahoma claim. On June 29, 2007, Wood

---

engage in the business of insurance in the State of Texas" comes to mind), Wood Energy does not contest this point. The Court therefore agrees that, as a result of the statutory

language and the structure of Texas Mutual, it may only offer insurance in the State of Texas.

Energy removed the lawsuit to this Court. Wood Energy then filed several counterclaims against Texas Mutual on August 20, 2007. Wood Energy maintains that the policy covers Beshear's Oklahoma benefits, and that Texas Mutual owed Wood Energy a defense. Texas Mutual maintains that, as a matter of law, the policy only covers Texas benefits, that Texas Mutual is not liable for Beshear's Oklahoma claim, and that Texas Mutual had no defense obligations to Wood Energy in the Oklahoma claim.

## II. STANDARDS

This is a declaratory judgment action. In its summary judgment motion, Texas Mutual contends that it has no duty to defend or indemnify Wood Energy for the Oklahoma workers' compensation claim made by Beshear against Wood Energy. Although it also seeks summary judgment on Wood Energy's counterclaims, Texas Mutual points out that if the Court agrees that there is no duty to defend or indemnify, that issue is dispositive as to all claims and counterclaims in this lawsuit.

### A. Declaratory Judgment

The Federal Declaratory Judgment Act[2] provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.S. § 2201(a) (2006); *Sherwin–Williams Co. v. Holmes*

*County*, 343 F.3d 383, 389 (5th Cir.2003). A district court is not compelled to exercise this jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Rather, the Supreme Court has characterized the Federal Declaratory Judgment Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287, 115 S.Ct. 2137; *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952); *Green v. Mansour*, 474 U.S. 64, 72, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985).

When considering whether or not to issue a declaratory judgment, a district court must consider three questions. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir.2000). First, the court considers whether the declaratory action is justiciable, that is whether an "actual controversy" exists between the parties. *Id.* A controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests," rather than "an opinion advising what the law would be upon a hypothetical state of facts." *Rowan Cos. v. Griffin*, 876 F.2d 26, 27–28 (5th Cir.1989) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). Second, the court considers whether it has the authority to grant declaratory relief. *Id.* Finally, the court considers whether to exercise its broad discretion to decide or

---

**2.** Plaintiff references the Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practices and Remedies Code, in its Complaint. However, jurisdiction for this case is based upon diversity of citizenship. 28 U.S.C. § 1332. Given that the "operation of the Declaratory Judgment Act is procedural," federal courts must apply federal procedural law under the *Erie* doctrine. *GTE Directories Publishing Corp. v. Trimen America, Inc.*, 67 F.3d 1563, 1567 (11th Cir.1995) (federal courts must apply federal procedural law); *see also Skelly Oil Co. v. Phillips Petroleum*

*Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) (federal declaratory judgment act is procedural in nature). Thus, this claim will be construed as a federal declaratory judgment claim. *See Chapman v. Clarendon Nat. Ins. Co.*, 299 F.Supp.2d 559, 563 (E.D.Va. 2004) (federal court construed state declaratory judgment claim as brought under federal declaratory judgment act); *Haagen–Dazs Shoppe Co., Inc. v. Born*, 897 F.Supp. 122, 126 n. 2 (S.D.N.Y.1995) (federal declaratory judgment act governs propriety of declaratory relief in diversity cases under *Erie*).

dismiss the declaratory judgment action. *Id.*

### B. Summary Judgment

Under Federal Rule of Civil Procedure 56, a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). "An issue is material if its resolution · could affect the outcome of the action." *Commerce and Indus. Ins. Co. v. Grinnell Corp.,* 280 F.3d 566, 570 (5th Cir.2002). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When ruling on a motion for summary judgment, courts must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Furthermore, courts "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

"[T]he nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Caboni v. Gen. Motors Corp.,* 278 F.3d 448, 451 (5th Cir.2002). The nonmovant may not rely on mere allegations in the pleadings. *Id.* Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a proper motion for summary judgment. *Duffy v. Leading Edge Prods., Inc.,* 44 F.3d 308, 312 (5th Cir.1995). Rather, the nonmoving party

must set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case. *Lusk v. Foxmeyer Health Corp.,* 129 F.3d 773, 777 (5th Cir.1997). The standard of review "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record before the court." *James v. Sadler,* 909 F.2d 834, 837 (5th Cir.1990) (citing *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by the Court. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

As this declaratory action is in federal court under diversity jurisdiction, state law governs substantive matters. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Because Texas is the forum state in this matter, the Court applies Texas' choice of law rules. *See Guar. Nat'l Ins. Co. v. Azrock Indus.,* 211 F.3d 239, 243 (5th Cir.2000) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) and stating that a federal district court sitting in diversity must apply the forum state's conflict of laws rules). Any insurance policy payable to a "citizen or inhabitant" of Texas by an insurance company doing business in Texas is held to be governed by Texas law regardless of where the contract was executed or to where the premiums are paid. TEX. INS. CODE art. 21.42.

## C. Burden of Proof and Contract Interpretation

 In general, the insured bears the initial burden of establishing that coverage is potentially provided by the applicable insurance policy, while it is the insurer's burden to prove the applicability of an exclusion permitting it to deny coverage. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 350 (5th Cir.2005) (applying Texas law); *see also* TEX. INS. CODE § 554.002. If the insurer is successful, the burden shifts back to the insured to prove that an exception to the exclusion applies. *Guar. Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir.1998) (applying Texas law).

 Under Texas law, insurance policies are subject to the rules of contract interpretation. *Azrock Indus.*, 211 F.3d at 243 (applying Texas law); *Progressive County Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex.2003). In general, a court construing a contract "must strive to give effect to the written expression of the parties' intent" by "read[ing] all parts of a contract together." *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995). "In cases like this, however, where the policy forms are mandated by a state regulatory agency, the actual intent of the parties is not material." *Sink*, 107 S.W.3d at 551. When faced with construing such policies, courts look to "determine the ordinary, everyday meaning of the words to the general public." *Id.*

## III. ANALYSIS

As an initial matter, the Court finds that there is an actual, justiciable controversy between the parties as to the scope of coverage afforded by Texas Mutual's policy. Accordingly, the undersigned recommends that the District Judge exercise its discretion to decide this declaratory judgment action.

## A. Does Texas Mutual have a duty to defend and indemnify Beshear's claim for Oklahoma benefits under Part One of the policy?

 In Texas, an insurer's duty to defend and its duty to indemnify are two distinct and separate duties. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821–22 (Tex.1997). Under the "eight-corners" rule, an insurer's duty to defend its insured arises if the complaint in the suit against the insured alleges facts that potentially support claims for which there is coverage. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). If a lawsuit does not allege facts within the scope of coverage, an insurer is not required to defend. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 643 (Tex. 2005). In determining whether this duty exists, the court's only job is to compare the four corners of the pleading with the four corners of the insurance policy. *Reyna*, 401 F.3d at 350; *see also Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d at 141.

 "Facts outside the pleadings, even those easily ascertained, are ordinarily not material to the determination...." *Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 600 (5th Cir.2006) (applying Texas law). When applying the eight-corners rule, the court considers the factual allegations without regard to their truth or falsity. *See GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 310 (Tex.2006). The court interprets the allegations liberally and resolves all doubts regarding the duty to defend in favor of the insured. *Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d at 141. However, the court may not read facts into the pleadings, look outside the pleadings, or imagine factual scenarios that might trigger coverage. *Id.* at 142.

The duty to indemnify arises only if the duty to defend first exists. *W. Heritage Ins. Co. v. River Entm't*, 998 F.2d 311, 315 (5th Cir.1993) (applying Texas law). Under Texas law, an insurer's duty to indemnify is narrower than its duty to defend. *St. Paul Ins. Co. v. Tex. Dep't of Transp.*, 999 S.W.2d 881, 884 (Tex.App.-Austin 1999, pet. denied). The duty to indemnify is triggered only by the actual facts establishing the insured's liability in the underlying litigation. *Cowan*, 945 S.W.2d at 821.

In the present case, Wood Energy argues that Beshear's workers' compensation claim is covered by the policy because the policy covered Wood Energy's Texas workplace where the injury occurred. Wood Energy asserts that Texas Mutual violated the policy's terms by denying coverage based on the fact that the employee unilaterally chose to file his workers' compensation claim in Oklahoma. Texas Mutual, on the other hand, asserts that the policy unambiguously provides for the payment of benefits required by Texas law only, the policy does not include "other states" coverage, and because Beshear only sought Oklahoma benefits, his claim is not covered by the policy. Thus, Texas Mutual asserts it has no duty to defend or indemnify Wood Energy for Beshear's Oklahoma benefits.

The policy in this case is a standard Texas form mandated by a state regulatory agency. *See* TEX. INS. CODE §§ 2052.002, 2054.302. Accordingly, in construing the policy, the Court is to determine the ordinary, everyday meaning of the words to the general public. *Sink*, 107 S.W.3d at 551. Part One of the policy, which addresses workers' compensation coverage, provides that Texas Mutual "will pay promptly when due the benefits required of you by the workers' compensation law." *See* Policy, attached as "Exhibit A–1" to Plaintiff's Motion for Summary Judgment, at TMI 73. The policy defines "workers' compensation law" as "the workers' or workmen's compensation law and occupational disease law of each state or territory named in Item 3A of the Information Page." *Id.* In Item 3A of the Information Page, the policy states: "Workers' Compensation Insurance: Part One of the policy applies to the Workers' Compensation law of the states listed here: *Texas.*" *Id.* at TMI 65. No other state is listed in Item 3A, and there is no endorsement to the policy extending coverage to include Oklahoma or any other state. *Id.* The policy also provides that Texas Mutual has "the right and duty to defend at [Texas Mutual's] expense any claim, proceeding or suit against you for benefits payable by the insurance. [Texas Mutual has] the right to investigate and settle these claims, proceedings or suits. [Texas Mutual has] no duty to defend a claim, proceeding or suit that is not covered by this insurance." *Id.* at TMI 73.

The parties agree that no Texas court has directly addressed the issue of whether this language covers claims that could have been brought in Texas, but that were filed under the workers' compensation laws of another state.[3] Texas Mutual cites to a case from New Jersey[4] to show there is no coverage for this claim under the language in the policy, while Wood Energy relies on cases from Washington,[5] Alabama,[6] and Illinois[7] in support of its posi-

---

3. The Court has also not found any binding authority directly addressing this issue.

4. *Hornet Express v. Zurich Am. Ins. Group*, 382 N.J.Super. 408, 889 A.2d 483 (2006), *cert. denied, Hornet Express v. Zurich Am. Ins. Co.*, 186 N.J. 604, 897 A.2d 1059 (2006).

5. *Smith & Chambers Salvage v. Ins. Mgmt. Corp.*, 808 F.Supp. 1492 (E.D.Wash.1992).

6. *Aetna Cas. & Sur. Co. v. Erected Steel Prods. of Ala., Inc.*, 1995 U.S. Dist. LEXIS 18628 (S.D.Ala. Oct. 12, 1995).

tion that there is coverage for Beshear's Oklahoma claim. From what the parties have cited, it appears that there are two divergent lines of cases construing similar language. On the one hand, there are cases that find this language unambiguously provides that there is no coverage unless the claim is brought under the workers' compensation system provided for in the policy. *Hornet Express* and *Travelers Insurance Company v. Industrial Accident Commission* fall into this category. *See Hornet Express,* 889 A.2d at 485 (concluding that the policy only provided coverage for workers' compensation benefits awarded under the New Jersey Workers' Compensation Act and not those awarded in another state); *Travelers Ins. Co. v. Indus. Accident Comm'n,* 240 Cal.App.2d 804, 50 Cal.Rptr. 114, 118–19 (1966) (holding that "where a policy covers liability exclusively for injury under the workmen's compensation law of one state, the insurer cannot be held liable in proceedings instituted under the workmen's compensation law of another forum."). On the other hand, there is a line of cases construing the language as a choice of law provision, "not limiting coverage based on where the employee chooses to file his claim, but only to restrict benefit eligibility and to set indemnification limits based on the state law specified in the policy." *Szarek,* 293 Ill.Dec. 946, 829 N.E.2d at 875 (discussing both approaches and construing the language as a choice-of-law provision).

▪ After considering the policy language in question and the various cases interpreting this language, the Court believes that the policy unambiguously provides that Texas Mutual is only required to indemnify and defend claims brought under the Texas workers' compensation system. The Court believes that a finding

that Beshear's claim under the Oklahoma workers' compensation scheme is covered by the policy would ignore the policy's plain language. The policy clearly states that Texas Mutual must pay the benefits required by the workers' compensation law, which is defined in the policy as the workers' compensation law of Texas. *See* Policy, attached as "Exhibit A–1" to Plaintiff's Motion for Summary Judgment, at TMI 65, 73. There have been no benefits awarded by the workers' compensation law of Texas; indeed, none have been applied for. Nor was there any potential coverage under the policy, as the Oklahoma court was determining whether or not to award benefits under the workers' compensation law of Oklahoma. Accordingly, Texas Mutual did not have a duty to defend the claim in Oklahoma.

As for the line of cases treating this language as a choice-of-law provision, the Court is unpersuaded by this approach. The court believes that the conclusions in these cases are based more on policy views than on the language of the insurance policy. For example, the policy at issue in *Szarek* had the exact same language as the policy here: "We will pay promptly when due the benefits required of you by the workers compensation law." *Szarek,* 293 Ill.Dec. 946, 829 N.E.2d at 872. The policy also defined workers' compensation law to mean the law of the state named in Item 3.A. of the information page, which in that case listed the state of Wisconsin. *Id.,* 293 Ill.Dec. 946, 829 N.E.2d at 873. In explaining its conclusion, the *Szarek* court stated that "We perceive the more enlightened view to be reflected in those cases that find the plain meaning of policies providing that benefits will be paid '*as required*' *under* a specified state's worker's

7. *Lenny Szarek, Inc. v. Md. Cas. Co.,* 357 Ill. App.3d 584, 293 Ill.Dec. 946, 829 N.E.2d 871 (2005).

compensation law to only be a choice of law provision...." *Id.*, 293 Ill.Dec. 946, 829 N.E.2d at 875 (emphasis added). But the policy at issue—containing identical language to our policy—does not mandate the payment of benefits *"as required under"* Wisconsin law. Rather, the policy required that the insurer "pay the benefits *required of you by* Wisconsin law." *Id.*, 293 Ill.Dec. 946, 829 N.E.2d at 872; *see also* Policy, attached as "Exhibit A–1" to Plaintiff's Motion for Summary Judgment, at TMI 73. The plain meaning of this language is that only if the workers' compensation law of "X" (whether it be Texas, Wisconsin, or some other state) actually requires that the employer pay benefits to an injured worker is there coverage for the payment. By consciously or unconsciously rephrasing the policy language to read "as required under," the court treats the policy as covering what could potentially be required by a state's law, and not what actually is required by a state's law. This allows the court to conclude that the policy covers whatever benefits would be awardable under the law of the state set out in the contract, even if no claim is filed in that state and no order awarding such benefits under that state's law is entered. While that view may be "the more enlightened view," it is not true to the language of the parties' contract.

Indeed, to treat the relevant language as a choice of law provision twists the language even further. An insurance policy is not something that is written on the back of a napkin. Because insurance is a heavily regulated industry, insurance contracts are exposed to significant scrutiny before they become operative, and the policy at issue here is no exception. Had the parties and the Department of Insurance intended the provision at issue to be a choice of law clause, it no doubt would have been so labeled, and would have contained language more common to choice of law clauses (*i.e.*, "This contract shall be governed by and construed according to the law of the state of...."). Instead, the clause at issue here, and that Wood Energy relies on, is contained in a section entitled "We Will Pay," under the larger heading "Part One—Workers Compensation Insurance." Consistent with Texas law, the Court must construe that language consistent with "the ordinary, everyday meaning of the words to the general public." *Sink,* 107 S.W.3d at 551. To make it plain, the court's conclusion in *Szarek* is that the phrase "[The insurer] will pay promptly when due the benefits required of [the insured] by the workers compensation law [of Texas]" actually means "If an employee seeks benefits in a state other than the state set out in Item 3A of the information page, the insurer will pay promptly when due—and the insurer's liability is limited to—the amount of benefits that would have been required of the insured by the workers compensation law of Texas had the employee actually sought those benefits in Texas rather than another state." It seems rather obvious to the undersigned that this is not "the ordinary, everyday meaning" of the operative language. Rather, to the undersigned the ordinary meaning of those words is that if Texas workers compensation law requires the insured to pay benefits, then the insurer will pay those benefits promptly when due. There being no determination by any court or agency that Texas workers compensation law requires Wood Energy to pay benefits to Beshear, there is no coverage here.

Moreover, there is an important distinction between the *Szarek* line of cases and the facts in this case. Specifically, it appears that Beshear may not have been entitled to *any* benefits even had he proceeded under the Texas workers' compensation system. In *Kacur,* a case that *Smith & Chambers, Szarek,* and others cite favorably in reaching their conclusion

that the policies cover such claims, the court said "In the case at bar we have no doubt but, had the employee's claim been filed in Pennsylvania, the Bureau of Workmen's Compensation of Pennsylvania would have honored the claim and the appellee would have been liable under its contract although the accident occurred in Maryland." *Kacur v. Employers Mut. Cas. Co.*, 253 Md. 500, 254 A.2d 156, 160 (1969). Subsequently, the same court, deciding a similar issue in a different case distinguished *Kacur* because the claimant could not have recovered had he brought the claim in the state provided for in the policy. *See Smigelski v. Potomac Ins. Co. of Ill.*, 403 Md. 55, 939 A.2d 189, 195 (2008) (holding that because the claimant was ineligible for benefits under the law of the state provided for in the policy, the reasoning in *Kacur* was inapplicable). Likewise, due to the fact that Beshear did not notify his employer, Wood Energy, of his injury until several months after it occurred, it appears that Beshear would have been ineligible for benefits under the laws of Texas had he brought his claim in Texas instead of in Oklahoma. *See* Texas Labor Code § 409.001 (requiring employee to notify the employer of an injury not later than the 30th day after the date on which the injury occurs). Thus, even if the Court were to follow the holdings of *Smith & Chambers*, *Szarek*, and *Kacur*, and find that Texas Mutual has to indemnify to the

extent that benefits would have been awarded under the Texas system, this amount could very well be zero.[8]

Finally, there is another reason why Wood Energy's reading of the policy is flawed. The standard policy at issue contains a Part Three, which is applicable "only if one or more states are shown in Item 3.C. of the Information Page." Policy at Part Three ¶ A.1 (TMI 76). When triggered by the listing of additional states in Item 3.C, Part Three creates coverage for "benefits required by the workers compensation law of [the states in Item 3.C.]." In other words, if an employer wishes to have coverage for benefits required by a state other than the primary state set out in Item 3.A, then it may obtain coverage under Part Three.[9] If Wood Energy's position (and the position of the *Szarek* line of cases) is adopted, Part One already provides coverage for claims made under another state's law, and benefits ordered paid by another state. Accordingly, under Wood Energy's reading, an employer would never need to obtain Part Three coverage, thereby rendering the language of Part Three meaningless, or at least severely compromised. A court should not adopt a contract construction that makes some part of the contract meaningless. *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983). The fact that Wood Energy's proposed interpretation would make Part

---

8. Of course, there is also the problem of how this amount would be determined. Wood Energy's position is that the policy covers Beshear's Oklahoma claim because the work was performed in Texas, and it cites to *Smith & Chambers*, *Szarek*, and others for support. But those cases only held that the insurer must indemnify the benefits awarded to the extent the benefits would have been awarded had the claim been brought in the state named in the policy. Wood Energy does not make any argument as to how it could be determined what amount Texas law would have provided had Beshear made his claim here.

9. As noted earlier, Texas Mutual is only permitted to deliver insurance in Texas, and thus it may not issue policies with Part Three coverage. Consistent with this, the blank in Item 3.C of the policy in this case is completed with "not applicable." As already discussed, however, the policy at issue is a standard policy that applies to insurers other than Texas Mutual, and in construing the language of the policy, the Court must look to the entirety of the contract, whether applicable in this particular instance or not.

Three coverage irrelevant is yet another reason that its interpretation is not one favored by the Court.

### B. Does Texas Mutual have a duty to defend and indemnify Beshear's claim for Oklahoma benefits under Part Two of the policy?

Wood Energy makes an alternative argument that there is coverage under Part Two of the policy. The Court disagrees. The coverage in Part Two is patently different from what is provided by Part One, which expressly deals with workers' compensation. Part Two affords protection in the case of a common law action for damages by an employee, where such action is still permitted by a state law for injuries not covered by a workers' compensation law. *See Sieman v. Postorino Sandblasting and Painting Co.,* 111 Mich.App. 710, 314 N.W.2d 736, 738 (1981) (dealing with a similar provision). Indeed, under Exclusion 4, Texas Mutual's policy expressly provides that "this insurance" (*i.e.,* the Employers' Liability Insurance) does not apply "to any obligation imposed by a workers' compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law." *See* Policy at TMI 75.

### IV. WOOD ENERGY'S COUNTERCLAIMS

Wood Energy has asserted several counterclaims against Texas Mutual, including a claim for breach of contract, a claim for breach of the common law duty of good faith and fair dealing, a claim for knowingly violating Section 541.060 of the Texas Insurance Code, and a claim for knowingly violating Section 17.50 of the Texas Business and Commerce Code. Texas Mutual argues that Wood Energy's counterclaims must fail because they are predicated on the existence of coverage for the Oklahoma claim. Wood Energy does not appear to dispute this position. Rather, Wood Ener-

gy argues that its counterclaims survive summary judgment because Texas Mutual's liability under the policy was reasonably clear, and Texas Mutual's violation of its own policy terms amounted to bad faith. Given the Court's determination that there is no coverage under the policy for Beshear's claims, Wood Energy's counterclaims fail as a matter of law.

As for the breach of contract claim, a determination that there is no coverage logically negates a breach of contract claim based on the assertion that coverage existed. There can also be no claim for bad faith here because the insurer denied a claim that was in fact not covered by the policy. *See Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995) ("As a general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered."). Similarly, with respect to Wood Energy's statutory tort claims, these claims require the same predicate for recovery as bad faith causes of action in Texas. *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 460 (5th Cir.1997). "Plainly put, an insurer will not be faced with a tort suit for challenging a claim of coverage if there was any reasonable basis for denial of that coverage." *Id.* In light of the Court's determination that the policy did not cover Beshear's claim for benefits in Oklahoma, there certainly was a reasonable basis for Texas Mutual to deny coverage on that claim Accordingly, the undersigned will recommend that Texas Mutual's motion for summary judgment be granted on Wood Energy's counterclaims as well.

### V. CONCLUSION

Based on the foregoing, Texas Mutual's motion for summary judgment should be granted. The plain language of the policy only requires Texas Mutual to pay promptly when due the benefits required by the Texas workers' compensation law, and

Beshear's benefits were not required by the Texas workers' compensation law. Accordingly, Texas Mutual does not have a duty to indemnify Beshear's benefits awarded in the Oklahoma Workers' Compensation Court. Furthermore, because there was no potential coverage under the policy for Beshear's claim in the Oklahoma Workers' Compensation Court, Texas Mutual did not have a duty to defend that claim in Oklahoma.

## VI. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Texas Mutual's Amended Motion for Final Summary Judgment. The Magistrate Judge further **RECOMMENDS** that the District Judge enter a judgment declaring that Texas Mutual had no duty to defend and has no duty to indemnify Wood Energy for the benefits awarded by the Oklahoma Workers' Compensation Court to Benny Joe Beshear. Finally, the Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** the motion for summary judgment as to Wood Energy's counterclaims, and enter judgment that Wood Energy take nothing on those counterclaims.

## VII. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir.1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommenda-

tions in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150–53, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir.1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of January, 2009.